(No. 35062.—

J. H. HALLSTROM *et al.,* Appellants, *vs.* THE CITY OF ROCKFORD *et al.,* Appellees.

*Opinion filed March 20, 1959.*

298

JOHNSON & McCALMONT, and WILLIAMS, McCARTHY & KINLEY, both of Rockford, for appellants.

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, and BURTON BERKLEY, of counsel,) for appellees State officers, and WILLIAM E. COLLINS, Corporation Counsel, of Rockford, for appellee City of Rockford.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Like No. 35039, *City of Rockford* v. *Rockford Life Insurance Co., ante,* p. 287, this case involves the extension of Locust Street in the city of Rockford. That case was an eminent domain action to acquire part of the necessary right of way. This is an injunction suit to restrain the city of Rockford and certain State officers charged with administration of the Motor Fuel Tax Act from expending motor fuel tax funds in connection with the extension of the street. After evidence was heard the complaint was dismissed. This court has jurisdiction of the plaintiffs' direct appeal. Ill. Rev. Stat. 1957, chap. 102, par. 16.

The plaintiffs, J. H. Hallstrom and Rockford Life Insurance Company, a corporation, base their right to sue upon the statute that authorizes an action by a taxpayer to restrain the disbursement of State funds. (Ill. Rev. Stat. 1957, chap. 102, pars. 11-17.) The city challenges their standing to sue upon the ground that motor fuel tax funds, like the unemployment compensation funds involved in *Barco Manufacturing Co.* v. *Wright,* 10 Ill.2d 157, are special funds that do not fall within the statute. But the funds involved in *Barco* were not State funds available for State expenditures. The State Treasurer was required to deposit them with the United States Treasury, where they remained until requisitioned for the payment of benefits to unemployed workers. Moreover, we have upheld the standing of motor fuel taxpayers to enjoin the illegal expenditure of motor fuel tax funds. (*Reid* v. *Smith,* 375 Ill. 147.) We turn, therefore, to the merits.

By a resolution adopted March 8, 1954, the city council stated its purpose to extend Locust Street, and by a resolution adopted March 15, 1956, it appropriated $150,000 from the city's allotment of motor fuel tax funds for the purchase of the necessary right of way. The plaintiffs contend that the city's purpose to extend the street should have

been expressed by ordinance rather than resolution; that the first action by resolution was therefore ineffective, and that the second resolution must fall with the first. The contention is without merit. Section 10½ of the Motor Fuel Tax Act, which governs the use of funds allotted to municipalities under that act, expressly authorizes "ordinances or resolutions stating specifically the purpose or purposes for which the funds * * * shall be used." Ill. Rev. Stat. 1957, chap. 120, par. 426½.

In the circuit court the plaintiffs also attacked the validity of the ordinance of January 14, 1957, upon which the condemnation proceeding for the acquisition of the necessary land was based. The circuit court indicated that the ordinance might be invalid because it failed to describe the land taken. (We so held in *City of Rockford* v. *Rockford Life Insurance Co.* No. 35039, *ante*, p. 287.) But the circuit court then granted a continuance to give the city an opportunity to pass another ordinance. This it did on November 18, 1957. We think that the court did not abuse its discretion in allowing the continuance or by admitting in evidence the ordinance that was then passed. (*People ex rel. Boos* v. *St. Louis, Iron Mountain and Southern Railway Co.* 278 Ill. 25.) The taxpayers' legitimate interest, which is to ensure that State funds are being expended in accordance with law, would appear to be enhanced rather than retarded by the court's action.

The ordinance of November 18, 1957, incorporated by reference a plat which specifically identified the property required. It was not, as plaintiffs also contend, invalid because the plat was not published. The statute on which they rely (Ill. Rev. Stat. 1957, chap. 24, par. 10—3,) has no application here because the ordinance in question does not impose "any fine, penalty, imprisonment, or forfeiture" or make any appropriation. Cf. *City of Lewistown* v. *Braden*, 9 Ill.2d 620.

The plaintiffs next argue that the city and the State officials disregarded the provisions of the governing statute in making motor fuel tax funds available for this improvement. Section 10½ of the Motor Fuel Tax Act enumerates many purposes for which a municipality may spend its allotment of motor fuel tax funds. (Ill. Rev. Stat. 1957, chap. 120, par. 426½.) Among them is the "construction, reconstruction and maintenance of a system of arterial streets or thoroughfares." The last paragraph of section 10½ is as follows: "In each municipality there shall be a system of arterial streets or thoroughfares (other than State highways) designated by the council or president and board of trustees and approved by the Department of Public Works and Buildings, which streets shall be designated in the order of their importance as to traffic, public buildings, parks, cemeteries, and all similar centers of traffic concentrations, and improvements thereon shall be made in the order of necessity. When 80 per cent of such system has been satisfactorily improved as determined by the municipality and the Department of Public Works and Buildings, additional streets to the extent of 10 per cent of the mileage in the designated system may be added, with the approval of the Department."

Locust Street has been designated as an arterial street by the city council, and that designation has been approved by the Department of Public Works and Buildings. The plaintiffs first argue that Locust Street "is not and would not be an arterial." They base this argument upon the fact that the street is narrow and that it deadends at Kilburn Avenue on the west, and at Main Street at the east. But Kilburn Avenue is State Highway No. 70, and Main Street is State Highway No. 2, and Locust Street connects those two highways. The General Assembly has committed the designation of arterial streets to municipal and State officials. A far stronger showing than is made in this case

would be required, if, indeed, a court would ever be justified in interfering with their determination. Cf. *Department of Public Works and Bldgs.* v. *Legg,* 374 Ill. 306, 311.

The plaintiffs next argue that the city has never designated a "system" of arterial streets in accordance with what they consider to be the mandatory requirement of the last paragraph of section 10½. We do not find it necessary to determine whether that provision was intended to be mandatory or discretionary, for there is in evidence a resolution adopted by the city council in 1933 that designates specified streets as arterial streets numbered from 1 to 58. There is no suggestion but that they are numbered in accordance with the statutory provision that they "be designated in the order of their importance." The record does not support the plaintiffs' contention that 80 per cent of the streets that have been designated as arterials are not satisfactorily improved, "as determined by the municipality and the Department of Public Works and Buildings." That determination can be expressed, as it was here, by the approval of an additional street. The statute does not call for the separate and formal municipal and departmental findings that the plaintiffs would require.

The circuit court of Winnebago County properly dismissed the complaint, and its decree is affirmed.

*Decree affirmed.*