**Michael L. KOLMAN, d/b/a Federal Brand**

v.

**Violet T. Mason KOLMAN and R. Rhody Brenlove, Executor of the Estate of Michael R. Kolman, Dec'd.**

**Civ. A. No. 71–796.**

United States District Court, W. D. Pennsylvania.

Feb. 28, 1973.

John A. Metz, Jr., Pittsburgh, Pa., for plaintiff.

T. L. Palmer, Pittsburgh, Pa., for defendants.

## MEMORANDUM AND ORDER DENYING MOTION FOR CONTINUANCE AND GRANTING MOTION FOR VOLUNTARY DISMISSAL UNDER CERTAIN CONDITIONS

KNOX, District Judge.

This case represents one of the first of many controversies which will occur as the result of the adoption of the new Federal Rules of Evidence which have been transmitted to Congress by the Su-

preme Court to become effective on July 1, 1973.[1]

The suit represents a diversity action for carrying away of assets by executors of the decedent, Michael R. Kolman, which assets are claimed by the plaintiff, Michael L. Kolman. At the present moment in March 1973, plaintiff would be hampered in his testimony by the Pennsylvania Dead Man's Evidence Act of May 23, 1887, P.L. 158 Sec. 5(e), 28 Purdon's Pa.Stats. 322 which forbids testimony by one whose interest is adverse to the decedent where the rights of the decedent have passed on the record to his representatives as in this case. By Article VI of the new Federal Rules, the incompetency of the plaintiff to testify under the Pennsylvania Dead Man's Evidence Act is removed and on and after the effective date of the new rules, he will become competent to testify as to matters occurring in the lifetime of his father, the decedent. See Rule 601 and accompanying notes.

Plaintiff therefore has moved for a continuance of the case until after July 1, 1973, or in the alternative seeks permission to file a voluntary dismissal so as to start a new action after the new rules have become effective. It is asserted that the applicable statute of limitations (six years under Pennsylvania Law) will not run until June 15, 1975, and therefore a voluntary dismissal without prejudice would as a practical matter enable plaintiff to bring another action without being restricted by the Pennsylvania Dead Man's Evidence Act.

■ Plaintiff's motion for continuance will be denied. We find nothing which would justify a continuance under the classic grounds for continuance which are listed in 17 C.J.S. Continuances, such as pendency of other proceedings, absence, disability or death of counsel or parties, absence of witnesses, etc. It would appear under 17 C.J.S. Continuances, § 80, that only twice has the contemplated passage of a retrospective statute or ordinance been considered by the courts as grounds for a continuance. In one case, it was held there was no abuse of discretion to allow such continuance and in the other case it was held there was abuse of discretion to allow such continuance. See Lanning v. Sprague, 71 Idaho 138, 227 P.2d 347 (1951); Hallstrom v. City of Rockford, 16 Ill.2d 297, 157 N.E.2d 23 (1959). Kemp v. Day and Zimmerman, 239 Iowa 829, 33 N.W.2d 569 (1948), is also similar.

■ All motions for continuance are addressed to the sound discretion of the court and in a case such as this we are not moved to exercise our discretion in favor of allowing a continuance. While plaintiff may have an interest in seeking a continuance until the new rules become effective, defendant on the other hand has an equally strong interest in seeing that the case is tried at once while the Pennsylvania Dead Man's Evidence Act will apply to this case. For this reason, we will deny continuance.

■ Voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2), however, is another matter. The time for voluntary dismissal without order of court under 41 (a)(1) has elapsed. Dismissal now is for the sound discretion of the court. American Cyanamid Co. v. McGhee, 317 F.2d 295 (5th cir. 1963); United States v. Professional Air Traffic Controllers, 449 F.2d 1299 (3d cir. 1971). Ordinarily, parties should be given the privilege of discontinuing an action without prejudice unless the result is prejudicial to the other side. In this case, plaintiff could have delayed suit until after the effective date of the new rules and defendant would have had no standing to complain. We understand certain dis-

1. We are informed by the press as of the date of this opinion that the Senate has passed a resolution which is awaiting House concurrence to postpone the effective date of the rules until the expiration of this Session of Congress.

covery depositions have already been taken and these will be available to the parties in any subsequent action. The defendant, on the other hand, has been put to the expense of filing pleadings to defend the instant case and has also been put to the expense of opposing this motion. Under such circumstances, we will require plaintiff as a condition of voluntary dismissal without prejudice to pay defendants reasonable counsel fees in the amount of $200.00 for appearance and pleadings to defend this case and $75.00 to oppose this motion or a total of $275.00 together with the record costs in this action.

An appropriate order will be entered.