Jose C. ALVARADO, Plaintiff-Appellant,

v.

MARITIME OVERSEAS CORPORATION, Defendant-Appellee.

No. 75–2776

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 15, 1976.

R. M. Sharpe, Jr., Bill Sanders, Beaumont, Tex., for plaintiff-appellant.

Frank E. Caton, Houston, Tex., for defendant-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This case involved the identical issues presented in *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601 (5th Cir. 1976), also decided this day. *LeCompte* controls the dis-

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

position of this case. Accordingly, we vacate and remand.

Arising in the same court as *Le-Compte*, this case involved the identical conditions affixed to a 41(a)(2) order of dismissal "without prejudice." The conditions were: (1) any subsequent suit must be filed in the present court; (2) plaintiff must show a need of extraordinary circumstances before reopening the case; and (3) an affirmative demonstration to the court's satisfaction that a valid cause of action can be maintained against defendant.

What makes the instant case even stronger than *LeCompte* for reconsideration by the district court is the fact that defendant herein never objected to plaintiff's motion for dismissal without prejudice. Although some type of curative conditions can be imposed to protect the defendant's interests, there is no unshakable mandate that conditions be imposed in all cases. This is particularly true where defendant has not objected to the dismissal for this itself evidences a lack of any prejudice upon defendant. *See* 9 Wright & Miller, *Federal Practice & Procedure* § 2366, at 177 (1971). Moreover, defendant must not have believed the conditions were necessary to protect his interests for he failed to file a brief in this Court to oppose the contentions asserted by plaintiff.

We vacate the district court's order and remand for a redetermination in light of *LeCompte v. Mr. Chip, Inc., supra.*

Vacate and remand.