Glenn STEVENS and Ray Hansen, Plaintiffs,

v.

RED BARN CHEMICALS, INC., Defendant.

No. CIV–76–0927–D.

United States District Court, W. D. Oklahoma.

Aug. 5, 1977.

Frank E. Hensley, Guymon, Okl., for plaintiffs.

Ronald R. Hudson, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is a contract action for breach of implied warranty arising out of the sale of a quantity of liquid cattle feed supplement to Plaintiffs by Defendant. Plaintiffs originally brought this action in the District Court of Texas County, Oklahoma, and Defendant later removed the case to this Court. In an Order entered in this case on April 22, 1977, the Court *sua sponte* dismissed Plaintiffs' Complaint without prejudice for Plaintiffs' failure to comply with an earlier Order of the Court and for Plaintiffs' failure to prosecute their Complaint with due diligence. Defendant has filed herein a Motion to Vacate the Order of Dismissal in this case. Said Motion is supported by a Brief.

Defendant contends that it will be prejudiced by the Order of Dismissal herein as Plaintiffs can now refile the case in state court so as to prevent a future removal and federal jurisdiction. Alternatively, Defendant asks that any dismissal be either with prejudice or upon the condition that Plaintiffs must refile this action in this Court or be barred from further relief. Defendant asserts that its requested relief is authorized by Rules 41(a)(2)[1] and 60(b)(6),[2] Federal Rules of Civil Procedure.

---

1. Rule 41, Federal Rules of Civil Procedure, deals with dismissal of actions generally and Rule 41(a)(2), *supra*, provides in pertinent part as follows:

   "(2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

2. Rule 60, Federal Rules of Civil Procedure, provides for relief from a judgment or order of a court and Rule 60(b), *supra*, provides in pertinent part as follows:

   "On motion and upon such terms as are just, the court may relieve a party or his legal

As the instant case was dismissed by this Court without prejudice Plaintiffs may refile this action in state court in such a manner as to prevent removal to federal court, thereby precluding Defendant from a trial in federal court. The fact that Defendant may be subjected to a second suit in state court is no bar to an order of dismissal without prejudice by a federal court. *Home Owners' Loan Corp. v. Huffman*, 134 F.2d 314 (8 Cir. 1943); *Therrien v. New England Tel. & Tel. Co.*, 102 F.Supp. 350 (D.N.H.1951); *Mott v. Connecticut General Life Insurance Co.*, 2 F.R.D. 523 (N.D. Iowa 1942). Defendant's claim that it has been prejudiced by the Order of Dismissal herein is without merit as a litigant does not have a vested right in any given procedure. *Denver and Rio Grande Western Railroad Co. v. Brotherhood of Railroad Trainmen*, 387 U.S. 556, 87 S.Ct. 1746, 18 L.Ed.2d 954 (1967); *Ex parte Collett*, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207 (1949). Hence, a dismissal without prejudice of a case removed to federal court, even though such a dismissal may deprive Defendant of a trial before a federal court, does not amount to legal prejudice. *Grivas v. Parmelee Transp. Co.*, 207 F.2d 334 (7 Cir. 1953).

Turning to Defendant's alternative requests, it is well established that every court has an inherent power, in the exercise of sound discretion, to dismiss *sua sponte* a cause for want of prosecution or for failure to comply with court orders. *Stanley v. Continental Oil Co.*, 536 F.2d 914 (10 Cir. 1976); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5 Cir. 1972); *Welsh v. Automatic Poultry Feeder Co.*, 439 F.2d 95 (8 Cir. 1971); *see Shotkin v. Westinghouse Electric and Mfg. Co.*, 169 F.2d 825 (10 Cir. 1948); *Sweeney v. Anderson*, 129 F.2d 756 (10 Cir. 1942). However, a dismissal with prejudice is a harsh sanction and should be resorted to only in extreme cases. *Stanley v. Continental Oil Co., supra*; *McCombs v. Pittsburgh-Des Moines Steel Co.*, 426 F.2d 264 (10 Cir. 1970); *Davis v. Operation Amigo, Inc.*, 378 F.2d 101 (10 Cir. 1967). From the record before the Court in the instant case, the Court is unable to conclude that dismissal with prejudice is warranted. Accordingly, Defendant's request for the same should be overruled. Likewise, Defendant's request that the dismissal herein be upon the condition that Plaintiffs must refile this action in this Court or be barred from further relief should also be overruled for the reason that the Court is unwilling to prevent Plaintiffs from litigating their cause of action in any forum made available to them by state or federal statutes.

Therefore, the Court finds and concludes that Defendant has failed to establish any reasons justifying relief from the Order of Dismissal in this case under Rule 60(b), *supra*, and Defendant's Motion to Vacate said Order should be overruled.

representative from a final judgment, order, or proceeding for the following reasons: . .

(6) any other reason justifying relief from the operation of the judgment."