DOME LABORATORIES, a division of Miles Laboratories, Inc., Massengill Company, Schering Corporation, G. D. Searle & Company, SmithKline and French Laboratories, a division of SmithKline Corporation, and Gilbert P. Blankinship, M.D., Appellants,

v.

Barbara Anne FARRELL, by and through her natural mother and parent, Janice F. Farrell, Janice F. Farrell and Thomas A. Farrell, Jr., Appellees.

No. 3725.

Supreme Court of Alaska.

Sept. 7, 1979.

Robert L. Eastaugh and George N. Hayes, Delaney, Wiles, Moore, Hayes & Reitman, Inc., Anchorage, for Dome Laboratories, appellant.

Donna C. Willard and Robert L. Richmond, Richmond, Willoughby & Willard, Anchorage, for Massengill Co., appellant.

Charles W. Hagans and Sanford M. Gibbs, Hagans, Smith, Brown, Erwin & Gibbs, Anchorage, for Schering Corp., appellant.

Russellyn S. Carruth, Burr, Pease & Kurtz, Inc., Anchorage, for G. D. Searle & Co., appellant.

Henry J. Camarot and Judith J. Bazeley, Merdes, Schaible, Staley & DeLisio, Inc., Anchorage, for SmithKline and French Laboratories, appellant.

Kenneth P. Jacobus, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for Gilbert P. Blankinship, M.D., appellant.

Michelle V. Minor, Anchorage, for appellees.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

RABINOWITZ, Chief Justice.

This appeal arises out of the voluntary dismissal of a medical malpractice and products liability case which was filed in superior court on February 9, 1977, by Barbara Anne Farrell, a minor, by and through her natural mother, Janice F. Farrell, and also by her parents, Janice F. and Thomas A. Farrell, Jr. The suit named as defendants three physicians and eleven corporations which manufacture and disseminate drugs in Alaska. The complaint essentially alleged that one or more of the defendants negligently ordered x-rays made of Janice Farrell's entire pelvic region during her pregnancy, or negligently prescribed or manufactured certain drugs taken by Janice while she was pregnant, which caused chromosome breakage in the unborn fetus and resulted in Barbara Farrell being born with certain serious physical and mental defects.

Approximately one and one-half months after the suit was initiated, and after extensive interrogatories and requests for production had been filed by the plaintiffs upon most of the defendants, but before any of the defendants' interrogatories to the plaintiffs had been answered, the plaintiffs' attorney asked for the Farrells' con-sent to his withdrawal from the case. The superior court entered two orders on April 22, 1977; the first order permitted the attorney to withdraw from his representation of the Farrells and the second order stayed all proceedings for a period of sixty days to enable the Farrells to decide on new counsel. The Farrells were unable to secure new counsel in the period allowed and were still without counsel when motions for summary judgment were filed by various defendants, including Dr. Blankinship, Dome Laboratories, The Schering Corporation, SmithKline and French Laboratories, and G. D. Searle & Co., appellants herein. Based upon suggestions made by Ms. Michelle Minor, an attorney who appeared as a friend of the court solely for the purpose of representing the Farrells at the hearing on the motions for summary judgment, the Farrells prepared their own motion for dismissal without prejudice or, alternatively, for a stay of all further action in the case for a period of eight months. After a hearing in which the superior court considered both the numerous defendants' motions for summary judgment and the plaintiffs' motion for dismissal without prejudice, the superior court entered a judgment in which it dismissed with prejudice the claims of the parents, Janice and Thomas Farrell, upon their consent to the dismissal. The claims of Barbara Ann Farrell were dismissed without prejudice, and each party was required to bear its own costs and attorney's fees. The superior court further ruled that "[t]his judgment having disposed of all issues before the court, the court does not consider the motions of the various defendants for summary judgment on the merits." Appeal was taken from this judgment by the defendants in the case below.

▆ Under Alaska Rule of Civil Procedure 41(a),[1] there are three ways in which a

1. Alaska R.Civ.P. 41(a) provides:
   *Voluntary Dismissal—Effect Thereof.*
   (1) *By Plaintiff—By Stipulation.* Subject to the provisions of Rule 23(c), of Rule 66 and of any statute of the state, an action may be dismissed by the plaintiff without order of court [a] by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or [b] by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without preju-

plaintiff may obtain a voluntary dismissal of an action. Civil Rule 41(a)(1)[a] allows the plaintiff to file a notice of dismissal "at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . ."[2] This method of dismissal is a " 'matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court.' "[3] The plaintiff may also obtain a dismissal by filing a stipulation to that effect signed by all parties who have appeared in the action.[4] If the plaintiff is unable to meet the criteria for either of these methods of dismissal, the action may be dismissed at the plaintiff's instance only upon order of the court.[5] The issue in the present case revolves around this third type of voluntary dismissal.

▌ The parties have argued the factual issue of whether or not the motions for summary judgment were filed prior to the Farrells' motion to dismiss without prejudice. However, in the context in which this case is to be decided, the order in which the motions were filed is not critical. It is only where the plaintiff is asserting, as a matter of law, an absolute right to a dismissal that the order in which the motions were filed is determinative.[6]

▌ The grant of a motion for voluntary dismissal by order of the court pursuant to Civil Rule 41(a)(2) is, in the first instance, a matter of the exercise of sound discretion by the trial court.[7] In deciding such a motion, federal courts have generally taken one of two approaches.[8] Under the first approach the courts traditionally ask whether the defendant has suffered some "plain legal prejudice" other than the continuing prospect of a second suit on the same cause of action.[9] The second ap-

dice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this state, or of any other state, or in any court of the United States, based on or including the same claim.

(2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

2. Alaska R.Civ.P. 41(a)(1)[a]. Contrary to the view taken by a number of federal courts that only an answer or a motion for summary judgment terminates a plaintiff's right to dismissal by notice, this court has taken the broader view that any pleading or motion requiring the trial court to consider the merits of the controversy can have that effect. *Davenny & Assoc., Inc. v. Shinjin Motor Sales Co.,* 533 P.2d 1112, 1114–15 (Alaska 1975); *Miller v. Wilkes,* 496 P.2d 176, 177 (Alaska 1972). *See Pilot Freight Carriers, Inc. v. International Brotherhood of Teamsters,* 506 F.2d 914, 916–17 (5th Cir.), *cert. denied,* 422 U.S. 1048, 95 S.Ct. 2665, 45 L.Ed.2d 700 (1975); 9 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2363, at 151–52, 155–58 (1971).

3. *Davenny & Assoc., Inc. v. Shinjin Motor Sales Co.,* 533 P.2d 1112, 1114 (Alaska 1975), *quoting American Cyanamid Co. v. McGhee,* 317 F.2d 295, 297 (5th Cir. 1963).

4. Alaska R.Civ.P. 41(a)(1)[b]. *See also* 9 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2363, at 159–60 (1971).

5. Alaska R.Civ.P. 41(a)(2). *See* 5 Moore's Federal Practice ¶¶ 41.02[3] and 41.05[1], at 41–30 to 41–39 and 41–53 to 41–75 (1979).

6. *See Davenny & Assoc., Inc. v. Shinjin Motor Sales Co.,* 533 P.2d 1112, 1113 (Alaska 1975), in which a notice of dismissal by right was upheld based upon a delay of approximately one and one-half hours between the time the plaintiff's notice of dismissal was filed and the time that the defendant's answer was filed.

7. *Monroe, Ltd. v. Central Tel. Co.,* 91 Nev. 450, 538 P.2d 152, 154 (1975). *See* 5 Moore's Federal Practice ¶ 41.05[1], at 41–55 to 41–56 (1979).

8. *See* Note: *Voluntary Dismissal By Order of Court—Federal Rules of Civil Procedure Rule 41(a)(2) and Judicial Discretion,* 48 Notre Dame Law. 446 (1972).

9. *See. e. g., LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601 (5th Cir. 1976); *Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366 (5th Cir. 1967); *Lee-Moore Oil Co. v. Union Oil Co. of Cal.,* 441 F.Supp. 730 (D.N.C.1977); *Stevens v. Red Barn Chemicals, Inc.,* 76 F.R.D. 111 (W.D. Okl.1977); *Selas Corp. of Amer. v. Wilshire Oil*

proach involves a balancing of the interests of both the plaintiff and the defendant in the dismissal in order to obtain a result which will be fair and equitable under all the circumstances of the case.[10] We think the latter balancing approach is the more appropriate one and, therefore, we employ this test in resolving the question of whether the superior court abused its discretion in granting the Farrells' motion for voluntary dismissal.[11]

In reaching the decision whether or not to grant a motion for voluntary dismissal, the trial court should consider factors such as whether the defendant has filed an answer and has gone to great expense in preparing for trial;[12] how long the action has been pending; whether or not the plaintiff has been diligent;[13] whether adequate reasons have been advanced for the dismissal;[14] whether the motion is made after the defendant has moved for summary judgment and in order to avoid summary judgment against the plaintiff;[15] and whether the trial court has spent substantial time familiarizing itself with the action.[16] It should be noted, however, that once a trial court has exercised its discretion in granting a Civil Rule 41(a)(2) motion for dismissal, on appeal the appellant must show that the trial court failed to exercise or abused its discretion, or exercised an unpermitted discretion.[17]

Proper analysis of the cases relied upon by appellants in support of their contention that the superior court abused its discretion in granting the motion for voluntary dismissal discloses the presence, in those cases, of more compelling factual cir-

---

Co. of Tex., 57 F.R.D. 3 (E.D.Pa.1972); *Gideon v. Bo-Mar Homes, Inc.*, 205 Kan. 321, 469 P.2d 272 (1970); *Ralston Purina Co. v. O'Dell*, 248 S.C. 37, 148 S.E.2d 736 (1966). Under this view, dismissal is more of a right of the plaintiff, subject to the imposition of just conditions. It is no bar to dismissal that the plaintiff may obtain some tactical advantage by the action of the court. In fact, before the merger of law and equity, it appears that

the adjective 'legal' referred to a species of prejudice cognizable in a common law court and that only such prejudice to defendant could justify denial of voluntary dismissal. However, presently it appears that the word is used solely to denote a legally cognizable prejudice more substantial than that of a second suit. In other words, 'legal' has lost any meaning as a word of art and now serves to indicate the degree of prejudice a particular factor will have on a defendant.

NOTE: *Voluntary Dismissal By Order of Court—Federal Rules of Civil Procedure Rule 41(a)(2) and Judicial Discretion*, 48 Notre Dame Law. 446, 449 (1972) (footnotes omitted).

10. *See, e. g., Pace v. So. Express Co.*, 409 F.2d 331 (7th Cir. 1969); *American Cyanamid Co. v. McGhee*, 317 F.2d 295 (5th Cir. 1963); *Alamance Indus., Inc. v. Filene's*, 291 F.2d 142 (1st Cir.), *cert. denied*, 368 U.S. 831, 82 S.Ct. 53, 7 L.Ed.2d 33 (1961); *Beaver Associates v. Cannon*, 59 F.R.D. 508 (S.D.N.Y.1973); *Nance v. Jackson*, 56 F.R.D. 463 (M.D.Ala.1972); *Nixon Const. Co., Inc. v. Frick Co.*, 45 F.R.D. 387 (S.D.N.Y.1968).

11. *See, LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601 (5th Cir. 1976); *Selas Corp. of Amer. v. Wilshire Oil Co. of Tex.*, 57 F.R.D. 3 (E.D.Pa.

1972); *Mistretta v. S. S. Ocean Evelyn*, 250 F.Supp. 868 (E.D.N.Y.1966); *Gideon v. Bo-Mar Homes, Inc.*, 205 Kan. 321, 469 P.2d 272 (1970).

12. *Ferguson v. Eakle*, 492 F.2d 26 (3d Cir. 1974); *Pace v. So. Express Co.*, 409 F.2d 331 (7th Cir. 1969); *Thomas v. Amerada Hess Corp.*, 393 F.Supp. 58 (M.D.Pa.1975); *Selas Corp. of Amer. v. Wilshire Oil Co. of Tex.*, 57 F.R.D. 3 (E.D.Pa.1972).

13. *Pace v. So. Express Co.*, 409 F.2d 331 (7th Cir. 1969); *Walker v. Spencer*, 123 F.2d 347 (10th Cir.), *cert. denied*, 316 U.S. 692, 62 S.Ct. 1296, 86 L.Ed. 1763 (1941); *Thomas v. Amerada Hess Corp.*, 393 F.Supp. 58 (M.D.Pa.1975).

14. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601 (5th Cir. 1976); *Alvarado v. Maritime Overseas Corp.*, 528 F.2d 605 (5th Cir. 1976); *Pace v. So. Express Co.*, 409 F.2d 331 (7th Cir. 1969); *Young v. John McShain, Inc.*, 130 F.2d 31 (4th Cir. 1942).

15. *Pace v. Southern Express Co.*, 409 F.2d 331 (7th Cir. 1969); *Local 2677, American Fed'n of Gov't Employees v. Phillips*, 358 F.Supp. 60 (D.D.C.1973); *Klintworth v. Atlantic Coast Line RR. Co.*, 39 F.R.D. 330 (D.S.C.1966).

16. *Nixon Const. Co., Inc. v. Frick Co.*, 45 F.R.D. 387 (S.D.N.Y.1968).

17. *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 298 (5th Cir. 1963); *Butler v. Denton*, 150 F.2d 687, 690 (10th Cir. 1945); *Monroe, Ltd. v. Central Tel. Co.*, 91 Nev. 450, 538 P.2d 152, 154 (1975). *See* 5 Moore's Federal Practice ¶ 41.05[3], at 41–79 (1979).

cumstances warranting the denial of the motion than are present in the case at bar. Illustrative of appellants' decisional authority is *Thomas v. Amerada Hess Corp.*, 393 F.Supp. 58 (M.D.Pa.1975), a civil action brought against oil companies for damages under the Sherman, Clayton and Economic Stabilization Acts, in which the federal district court denied the plaintiffs' motion for voluntary dismissal which was filed fourteen months after the bringing of the action. The court based its denial of the plaintiffs' motion mainly upon the great expense of extensive pretrial proceedings already incurred by the defendants and the dilatoriness of the plaintiffs in pursuing further discovery on their own behalf. The court stated, in part:

> The fact that motions for summary judgment have been filed; the extent of defendants' efforts and expenses already expended in preparation for trial; excessive and duplicitous expense of defending a second action; and not the least, insufficient explanation for the need to take a dismissal are factors to be considered in deciding a Rule 41(a)(2) motion. . . . Motions for summary judgment have

been filed; and should they be denied, the case would be immediately thereafter listed for trial. Great effort and expense have been expended by defendants, not only in response to plaintiffs' comprehensive discovery requests, but in obtaining admissions from them used as a basis for their summary judgment motions. To require the defendants to defend a similar case at another time might necessitate a similar outlay of effort and expense. Obviously, a second try would give plaintiffs additional time for pursuing discovery with the experience of the first behind them, but possible smoother sailing in another venture is insufficient reason for permitting them to start anew. To the extent that plaintiffs have failed to complete discovery to their satisfaction in this action, it is due to their own dilatoriness in failing to pursue further depositions after they had a reasonable time to study documents and information produced by defendants.

*Id.* at 70 (citations omitted).[18]

We think the instant case is distinguishable from those decisions relied upon by ap-

---

**18.** A second case relied upon by appellants is *Pace v. Southern Express Co.*, 409 F.2d 331 (7th Cir. 1969), which involved an action for wrongful death against Southern Express for the allegedly negligent actions of its employee while operating a tractor "with the permission of and under the direction, control, and operating authority" of the defendant Southern Express. Southern Express filed a motion for summary judgment based on the pleadings, depositions, answers to the request for admissions of fact, and the tractor lease agreement between the defendant and the operator. No response to the motion for summary judgment was ever filed, but, four months later, the plaintiff filed a motion to dismiss the complaint without prejudice. The district court denied the plaintiff's motion and granted the defendant's motion for summary judgment, and the court of appeals affirmed. The factors which persuaded the court included the fact that the plaintiff never responded when "to avoid summary judgment it was incumbent upon plaintiff to file affidavits or other materials supporting the allegations of the complaint [under Rule 56(e) of the Federal Rules of Civil Procedure]." *Id.* at 334. The court also noted:

> The defendant's objections to plaintiff's motion to dismiss disclosed that the case had already been pending for one and one-half

years, that considerable discovery had been undertaken at substantial cost to the defendant, and that defendant had already briefed its motion for summary judgment. Defendant also pointed out that plaintiff has failed to file any brief with respect to the motion for summary judgment and was attempting to deprive the defendant of a ruling on the summary judgment motion by its dismissal tactic. These considerations amply support the district court's denial of the motion to dismiss without prejudice. In addition, the district court was cognizant that there were three related state court suits filed five months after this suit and still pending in the Circuit Court of LaPorte County, Indiana. The district court therefore concluded:

> 'Defendants should not be harassed by multiple suits. Plaintiff had ample opportunity to show that there are justiciable issues involved, but has failed to make such a showing. For that reason, it is only fair that this litigation be disposed of in a manner that will protect the defendant against future litigation.'

*Id. See also Local 2677, American Fed'n of Gov't Employees v. Phillips*, 358 F.Supp. 60 (D.D.C.1973) (voluntary dismissal denied where, at the time the plaintiffs' motion was filed, the case was two days away from an oral

pellants. The Farrells had compelling reasons for filing the Civil Rule 41(a)(2) motion for dismissal when they did. They were unable to secure new counsel during the sixty-day period on the stay entered by the superior court for the express purpose of allowing them to engage new counsel. The Farrells encountered the same disability during the subsequent thirty-day period which was allowed by the superior court in a "Notice to Plaintiffs and Order" requiring the Farrells to "file with this Court and serve on counsel for defendants either: (a) a pleading indicating that they intend to proceed with the prosecution of this litigation *in propria persona* [(that is, that they intend to represent themselves)], or (b) the [identity] of their counsel." The superior court determined that if neither step was taken within thirty days, it would "entertain a motion to dismiss the plaintiffs' complaint for failure to prosecute  . . . ." Shortly after the latter time period had elapsed and the Farrells were still unable to secure new counsel, the motion for voluntary dismissal without prejudice was filed.[19]

We also find it significant that, upon comparing the present case to the cases cited by appellants, it is apparent the Farrells' action, at the time the motion for dismissal without prejudice was filed, had not progressed nearly so far as those cited cases in terms of time and expense of litigation. Though the suit had been pending for nearly six months,[20] the proceedings were stayed for two of those months, and the Farrells had been given an additional month to indicate their intention to proceed with the case, as discussed above. It is true that after filing of the complaint, the Farrells' original attorney served fairly extensive interrogatories upon all of the present appellants as defendants in the suit below.[21] However, from the record it appears that only the appellant, G. D. Searle & Co., filed answers to the interrogatories propounded to them by the Farrells.[22] The motions for summary judgment were brief and did not evidence significant efforts expended by any of the appellants toward legal research and memoranda writing.[23] All of the motions for summary judgment were based

hearing on: the plaintiff's motions for preliminary injunction; the defendant's motion to dismiss or in the alternative for summary judgment; and the plaintiffs' cross-motions for summary judgment, which superceded and incorporated the prior motions for preliminary injunction); *Love v. Silas Mason Co.*, 66 F.Supp. 753 (W.D.La.1946) (denial of the plaintiff's motion for voluntary dismissal made in order to bring a second action in another jurisdiction having a longer period of limitations after the defendant had moved for summary judgment on those grounds).

**19.** *See* Note: *Voluntary Dismissal By Order of Court—Federal Rules of Civil Procedure 41(a)(2) and Judicial Discretion*, 48 Notre Dame Law. 446, 450 (1972), which notes a continuing trend by federal courts to inquire into the legitimate reasons behind the plaintiff's motion for dismissal without prejudice.

Plaintiffs' inability to obtain new counsel as a reason for their entering a motion for dismissal without prejudice should be distinguished from the rule of this court pertaining to summary judgment motions; summary judgment against a party is not precluded solely because of a party's change in counsel or lack thereof. *See Lowe v. Boggess*, 375 P.2d 199 (Alaska 1962). *Cf. Miller v. City of Fairbanks*, 509 P.2d 826 (Alaska 1973) (reversal of superior court's grant of summary judgment after relaxing ap-

pellate rules to permit appeal by party not presented by counsel).

**20.** The Farrells' complaint was filed on February 9, 1977. The motion for voluntary dismissal was not filed until August 2, 1977.

**21.** Plaintiffs' interrogatories and a request for production to the defendant, Dome Laboratories, were filed March 2, 1977; interrogatories and a request for production to the defendant, SmithKline and French Laboratories, were filed March 4, 1977; interrogatories and a request for production to the defendant, G. D. Searle & Company, were filed by March 14, 1977; interrogatories and a request for production to the defendant, Schering Corp. were filed March 14, 1977; and interrogatories and a request for production to the defendant, Gilbert P. Blankinship, M.D., were filed March 19, 1977, and March 18, 1977, respectively.

**22.** G. D. Searle & Company also filed its own interrogatories directed to Thomas and Janice Farrell individually and to Barbara Anne Farrell by and through her mother Janice Farrell.

**23.** For example, the motion for summary judgment filed by Gilbert P. Blankinship, M.D., consisted of a one-page motion accompanied by a two-page memorandum and the affidavits of Dr. Blankinship and his expert medical witness.

primarily on a single affidavit by Dr. Blankinship's expert witness which stated: "Given the date of last menstrual period, the date of birth of the infant and the dates of treatment by Dr. Blankinship, it is a medical fact that no action by Dr. Blankinship could possibly have caused or contributed to the birth defects described in the complaint and accompanying article." Thus, we find the apparent outlay of effort in discovery and preparation for trial by the appellants in this case is substantially less significant than that expended in the cases relied upon by appellants.

The status of the law suit at the time the Civil Rule 41(a)(2) motion for dismissal without prejudice was filed, together with the Farrells' showing of reasons for requesting the dismissal, and the lack of any demonstrable prejudice to appellants, persuades us that a satisfactory basis has been demonstrated for concluding that the superior court did not abuse its discretion in granting the motion for voluntary dismissal.[24]

■ Appellants further contend that the superior court erred in failing to impose costs and attorney's fees as a term and condition of its grant of the Farrells' motion for voluntary dismissal. The decision whether to impose the condition of payment of costs and attorney's fees is clearly part of the trial court's discretionary function in deciding a Civil Rule 41(a)(2) motion for dismissal without prejudice.

The federal courts have so interpreted the identical federal rule. As the court of appeals stated in *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 298 (5th Cir. 1963):

> By its very language [Federal Rule of Civil Procedure] 41(a)(2) gives the court power to grant or deny a motion made under the rule and 'upon such terms and conditions as the court deems proper.' Here the court has an express judicial function to perform. . . . [D]ismissals by the court on motion under 41(a)(2) plainly puts upon the court a definite duty to perform: to grant or deny the motion, and to establish 'such terms and conditions as the court deems proper.' [footnote omitted]

Permitting the trial court, in its discretion, to attach conditions to the order of dismissal prevents defendants from being unfairly

---

**24.** Other factors which support this conclusion include the fact that there is no assertion that the Farrells did not diligently pursue their action, even though they were unable to obtain counsel, and the fact that the trial court spent only minimal time familiarizing itself with the case prior to preparation for the August 30, 1977, hearing on the Farrells' motion for dismissal without prejudice and the appellants' motions for summary judgment.

Appellant Gilbert P. Blankinship, M.D., raises a separate reason that dismissal without prejudice of his claims was inappropriate even if the decision was correct as to the other appellants. Blankinship argues that since his motion for summary judgment was filed on June 22, 1977, a full month ahead of the motions by the other appellants, and the Farrells did not respond to his motion within the fifteen-day time period prescribed by Alaska R.Civ.P. 77(c), the motion should have been submitted to the court and decided in his favor several days before the Farrells filed either their motion for dismissal on August 2, 1977, or their opposition to defendants' motions for summary judgment on August 9, 1977. *See* Alaska R.Civ.P. 77(h) and Alaska R.Admin.P. 3(e). In our view, Blankinship's theory of an "absolute right" to summary judgment which attaches upon the failure of the opposing party to respond to the motion within fifteen days has little merit. Alaska R.Civ.P. 56(e) provides, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate*, shall be entered against him. [emphasis added]

This language indicates that the superior court retains some degree of discretion in deciding whether to grant summary judgment in cases where there is no response to the filing of the summary judgment motion. There may also be other considerations which warrant inaction on such a motion by the superior court. In this case, for instance, on the day that Blankinship's motion for summary judgment was filed, the superior court also entered a "Notice to Plaintiffs and Order" which gave the Farrells until July 22, 1977, to indicate their intention to proceed *in propria persona* or to file an appearance of counsel.

affected by the dismissal.[25] Thus, the question here is whether the denial of such fees constitutes an abuse of discretion on the part of the superior court.

We have previously upheld a grant of attorney's fees to the defendant upon dismissal of the plaintiff's case without prejudice.[26] The dismissal in *Miller v. Wilkes*, 496 P.2d 176 (Alaska 1972), followed the filing of a motion for preliminary injunction and opposition thereto. Thus, we have indicated a receptiveness to the award of attorney's fees upon dismissal without prejudice in some circumstances where the federal courts have generally been unwilling to do so.[27] The apparent difference in approach is due to the fact that attorney's fees in Alaska may be granted on two independent grounds: (1) Alaska R.Civ.P. 82(a) fees to the prevailing party and (2) Alaska R.Civ.P. 41(a)(2) fees as a "term or condition" of dismissal without prejudice.[28] The fees in the *Miller* case were awarded pursuant to Rule 82(a).[29] However, in the present case, appellants have made no claim that they are entitled to attorney's fees as the prevailing parties under Civil Rule 82(a). Therefore, the rationale of the federal cases with respect to attorney's fees

under Civil Rule 41(a)(2) is persuasive. Given the particular factual circumstances of this case, we hold that the superior court did not abuse its discretion in failing to award attorney's fees to appellant as a term or condition of its grant of the Farrells' motion for voluntary dismissal.[30]

One additional aspect of this appeal deserves brief mention. Counsel for appellants argue cogently before this court that the superior court erred in failing to impose certain other terms and conditions, in addition to attorney's fees, with its grant of the Farrells' motion. More particularly, in their briefs and at oral argument before this court, counsel for appellants take the position that given: the fact that they will be subjected to an indefinite period of uncertainty as to the possible exposure to liability for damages; the need for the creation of reserves in anticipation of the finding of liability; and the injury to the reputation, credit standing, and insurance posture of appellant Gilbert P. Blankinship, M.D., the superior court in granting the dismissal motion should have conditioned its order on the proviso that the Farrells' remaining claims for relief be filed within one

**25.** *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601 (5th Cir. 1976); *Alvarado v. Maritime Overseas Corp.*, 528 F.2d 605 (5th Cir. 1976).

**26.** *Miller v. Wilkes*, 496 P.2d 176 (Alaska 1972). *See also City Nat'l Bank & Trust Co. v. Owens*, 565 P.2d 4 (Okl.1977) (upholding an award of attorney's fees to the defendant upon dismissal without prejudice by the plaintiff after the fourth day of trial of the case).

**27.** The federal courts generally impose attorney's fees as a "term or condition" of dismissal only where the defendant has been put to the burden of preparing for trial prior to the motion for dismissal. *Kolman v. Kolman*, 58 F.R.D. 632 (W.D.Pa.1973). *See generally* 5 Moore's Federal Practice, ¶ 41.06, at 41–83 (1979).

**28.** *See Pacific Vegetable Oil Corp. v. S. S. Shalom*, 257 F.Supp. 944 (S.D.N.Y.1966) (noting that an award of costs, as opposed to attorney's fees, is proper either under Federal Civil Rule 41(a)(2) or Rule 54(d), since the defendant may be considered the "prevailing party" within the meaning of that latter rule even where plaintiff dismisses an action without prejudice).

**29.** This court found that the trial court was "within its powers in awarding costs" in a Civil

Rule 41(a)(2) dismissal. *Miller v. Wilkes*, 496 P.2d 176, 178 (Alaska 1972). In *Miller*, we went on to say:

> The trial court, in awarding costs and attorney fees, was well within its discretion under Rule 82(a)(1), which provides in part that:
> Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount.

*Id. See also State v. Alaska International Air, Inc.*, 562 P.2d 1064, 1069 (Alaska 1977) (reversing the superior court's grant of attorney's fees to the defendant following the filing of a notice of voluntary dismissal without prejudice pursuant to Civil Rule 41(a)(1). We held that the case was terminated prior to joinder of issue and, therefore, "no controversy developed out of which a prevailing party could emerge").

**30.** *See Goodman v. Gordon*, 103 Ariz. 538, 447 P.2d 230 (1968) (while expenses may properly be made a condition of granting a voluntary dismissal, omission of such a condition is not an abuse of discretion).

year from the date of the dismissal order provided that the Farrells make a preliminary showing establishing a claim for relief against the named defendants.

Review of the record shows that these arguments were not advanced to the superior court.[31] Thus, whatever merit they might contain, they are not relevant to the scope of this court's present inquiry into the question of whether the superior court abused its discretion in not making these proposed terms and conditions part of its aforementioned order granting the Farrells' motion for voluntary dismissal.[32]

Affirmed.

---

**31.** In superior court, appellants argued, in part, that their motions for summary judgment should be granted and the motion for dismissal denied because the Farrells appropriately would than have to make a showing of good cause to the court and be relieved from final judgment under Alaska R.Civ.P. 60(b) in order to reinitiate their suit. None of the appellants specifically requested that such a condition be imposed in the event that the dismissal without prejudice was entered under Civil Rule 41(a)(2).

**32.** We consider it unnecessary to specifically address any of the procedural issues which have been raised by the parties to this appeal. Though the appellant, Schering Corporation, apparently did not strictly comply with the formal requirements of Alaska R.App.P. 11(b)(5) regarding the filing of briefs in cases involving multiple parties, we think it expedient to decide the issues with respect to Schering Corporation, nevertheless. *See* Alaska R.App.P. 11(b)(10). All other matters have been ruled upon previously at various stages of the instant appeal.