Barbara Ann FARRELL, By and Through her natural mother and parent, Janice F. FARRELL, Janice F. Farrell and Thomas A. Farrell, Jr., Appellants,

v.

DOME LABORATORIES, A DIVISION OF MILES LABORATORIES, INC.; Geigy Pharmaceuticals; Massengill Co.; Rexall Drug Company; Schering Corporation; the Upjohn Company; G. D. Searle and Company; SmithKline Corporation; Gilbert P. Blankinship, M. D.; Duane L. Drake, M. D., and Nancy Sydnam, M. D., Appellees.

No. 6117.

Supreme Court of Alaska.

Sept. 10, 1982.

Michelle V. Minor, Anchorage, for appellants.

Robert L. Eastaugh, Delaney, Wiles, Hayes, Reitman, & Brubaker, Inc., Anchorage, for appellee Dome Laboratories, a division of Miles Laboratories, Inc.

Mark A. Sandberg, Camarot, Sandberg & Hunter, Anchorage, for appellee Smith-Kline Corp.

Kenneth P. Jacobus, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for Gilbert P. Blankinship, M. D.

Robert M. Libbey, Anchorage, for appellee Nancy Sydnam, M. D.

Before BURKE, C. J., and RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

## OPINION

COMPTON, Justice.

This appeal concerns the validity of a superior court judgment amending a prior judgment of voluntary dismissal without prejudice. We conclude that the superior court abused its discretion in granting relief from the original judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case was previously before the court. In *Dome Laboratories v. Farrell,* 599 P.2d 152 (Alaska 1979), we affirmed a superior court judgment dismissing Barbara Farrell's (Farrell) suit against defendants (hereinafter referred to collectively as Dome) without prejudice. Farrell's Civil Rule 41(a)(2) motion for voluntary dismissal without prejudice had been granted by the superior court on September 14, 1977. Our mandate affirming the judgment was issued September 17, 1979.[1]

Subsequent to the appeal, Dome returned to the superior court on July 11, 1980 and filed a Civil Rule 60(b) motion to obtain relief from the original judgment. Dome asserted that it would be severely prejudiced by the indefinite exposure to the refiling of Farrell's claim. It is probable that Barbara Farrell will remain legally incompetent, and as a consequence, her claim would not be subject to the time constraints of the statute of limitations. Dome requested that an amended judgment be entered requiring Farrell to bring suit by September 17, 1980. On May 8, 1981, the superior court amended its original judgment by adding a condition that Farrell refile her suit against Dome on or before July 1, 1982. Thereafter, the dismissal would be with prejudice.

Farrell appeals from the amended judgment.

## II. CIVIL RULE 60(b)

Farrell presents two arguments contending that the superior court erred in grant-

---

1. Barbara Farrell was born with serious physical and mental disabilities. Farrell's original suit, filed in superior court on February 9, 1977, named three physicians and eleven pharmaceutical companies as defendants. Janice and Thomas Farrell, Barbara's parents, were also named plaintiffs. The complaint alleged that chromosome breakage resulted from negligently ordered x-rays taken of Janice Farrell's pelvic region and/or from medication taken by Janice Farrell during her pregnancy. On July 25, 1977, Farrell moved for a voluntary dismissal because of her inability to retain new counsel after her first attorney withdrew from the case. Farrell reached seventeen years of age on November 17, 1981.

For further background on factual and procedural matters not relevant to the present appeal, see *Dome Laboratories v. Farrell,* 599 P.2d at 154.

ing Dome's motion for relief from the original judgment.[2]

## A. JURISDICTION

Farrell first argues that the superior court lacked jurisdiction under Rule 60(b) to amend the prior judgment. One jurisdictional argument advanced by Farrell is that the dismissal without prejudice turned the proceeding into a "nullity" over which the superior court no longer had any power or jurisdiction. We find this analysis unpersuasive.

■■■ A judgment of dismissal without prejudice is considered a final judgment for purposes of appeal.[3] Under Rule 60(b), "the court may relieve a party or his legal representative from a final judgment, order, or proceeding...." Since Rule 60(b) applies to all final judgments, trial courts have discretion to amend a voluntary dismissal without prejudice entered pursuant to Rule 41(a)(2).[4]

■■■ Another jurisdictional argument presented by Farrell is that the superior court lacked jurisdiction to grant Dome's Rule 60(b) motion since the prior judgment was affirmed by this court.[5] This argument also lacks merit. The fact that an order of dismissal was previously affirmed on appeal does not prevent a trial court from vacating the order pursuant to a Rule 60(b) motion.[6] Further, none of the conditions added by the amended judgment were reviewed in the prior appeal. The original judgment was affirmed on other grounds. Although Dome previously argued that the superior court erred in failing to place certain conditions upon the dismissal similar to those later imposed by the amended judgment, this court declined to consider the argument because it had not been raised below.[7] We hold, therefore, that the superior court had jurisdiction under Rule 60(b) to amend its prior judgment of voluntary dismissal. Relief was available if Dome met the requirements of Rule 60(b).[8]

## B. ABUSE OF DISCRETION

■ Farrell's second argument is that the superior court abused its discretion by amending the original judgment. Rule 60(b) gives the superior court discretion in relieving a party from a final judgment.[9] Generally, we will not disturb a superior

2. Farrell also argues that the amended judgment violated her equal protection rights by altering the statute of limitations. Our disposition of the Rule 60(b) question makes it unnecessary to address this issue.

3. *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 603 (5th Cir. 1976); 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice ¶ 41.05[2], at 41–79 (2d ed. 1981) [hereinafter cited as Moore].

4. *See* 5 Moore, *supra* note 3, ¶ 41.17, at 41–230; 11 C. Wright & A. Miller, Federal Practice and Procedure § 2852, at 145–46 (1973). *See also Chief Freight Lines Co. v. Local Union No. 886,* 514 F.2d 572, 576–77 (10th Cir. 1975).

5. *Dome Laboratories v. Farrell,* 599 P.2d 152 (Alaska 1979).

6. 5 Moore, *supra* note 3, ¶ 41.17, at 41–231; *cf. King v. Mordowanec,* 46 F.R.D. 474 (D.R.I. 1969) (dismissal under Rule 41(b)).

7. *Dome Laboratories v. Farrell,* 599 P.2d at 161.

8. 5 Moore, *supra* note 3, ¶ 41.05[2], at 41–77 to –78.

9. Alaska R.Civ.P. 60(b) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken....

court decision on a Rule 60(b) motion "except upon a showing of abuse of discretion, which would be the case only if we were left with the definite and firm conviction on the whole record that the judge had made a mistake...."[10]

The superior court did not specify in this case on which ground relief was granted. On appeal, the parties properly focus on whether the superior court may have properly exercised its discretion in granting Dome's motion pursuant to clauses (1), (5) or (6).[11] We address each clause in turn.

Clause (1) of Rule 60(b) provides for relief based upon "mistake, inadvertence, surprise or excusable neglect."[12] Dome submits that it inadvertently and excusably failed to press for a timely refiling condition in 1977. We note that an attorney's failure to advance a legal argument or claim, whether attributable to mistake, inadvertence or neglect, typically does not warrant relief.[13] An exception to this general rule is recognized, however, where the failure to provide relief would result in an injustice.[14] We need not address whether the present circumstances present such egregious circumstances that the superior court may have granted relief from counsels' inadvertence. A motion for relief under clause (1) must be made "not more than one year after the judgment, order or proceeding was entered or taken."[15] Courts do not have the power to enlarge this one

year time limit.[16] In the present case, the original judgment was entered on September 14, 1977. Dome did not file its Rule 60(b) motion until July 11, 1980, almost three years later. That the original judgment was on appeal is irrelevant. The pendency of an appeal does not extend the one year limit under any of the first three clauses of Rule 60(b).[17] Accordingly, Dome's motion for relief pursuant to clause (1) of Rule 60(b) was untimely and need not be considered further.

Clause (5) of Rule 60(b) permits relief if "it is no longer equitable that the judgment should have prospective application."[18] Derived from the historic power of a court of equity to modify its decree in the light of changed circumstances, clause (5) is typically invoked to obtain relief from declaratory judgments and injunctions whose continued enforcement becomes inequitable.[19] Such relief, however, is not limited by the terms of the Rule to equitable proceedings; rather, clause (5) is applicable to any judgment having prospective effect.[20]

We have discovered no case which addresses whether a dismissal without prejudice entered pursuant to Civil Rule 41(a)(2) is a judgment with "prospective application" within the meaning of clause (5). To be sure, a dismissal without prejudice by definition permits a plaintiff to refile suit. In our view, however, the prospect of future litigation does not typically

---

10. *Gravel v. Alaskan Village, Inc.,* 423 P.2d 273, 277 (Alaska 1967) (footnote omitted). *See also Guard v. P & R Enterprises, Inc.,* 631 P.2d 1068, 1071 (Alaska 1981); *Gregor v. Hodges,* 612 P.2d 1008, 1010 (Alaska 1980).

11. Clauses (2), (3) and (4) are plainly inapplicable on the facts.

12. Alaska R.Civ.P. 60(b)(1).

13. *E.g., Bershad v. McDonough,* 469 F.2d 1333, 1336–37 (7th Cir. 1972); *Hoffman v. Celebreeze,* 405 F.2d 833, 835–36 (8th Cir. 1969). *See generally* 11 C. Wright & A. Miller, *supra* note 4, § 2854, at 170–74.

14. *See e.g., Dormeyer Co. v. M. J. Sales & Distrib. Co.,* 461 F.2d 40, 42–43 (7th Cir. 1972); *Fleming v. Huebsch Laundry Corp.,* 159 F.2d 581 (7th Cir. 1947).

15. Alaska R.Civ.P. 60(b); *See Stone v. Stone,* 647 P.2d 582, 585–586 (Alaska 1982).

16. Alaska R.Civ.P. 6(b). *See Stone v. Stone,* 647 P.2d 582, 585–586 (Alaska, 1982); *O'Link v. O'Link,* 632 P.2d 225, 229 (Alaska 1982).

17. 7 Moore, *supra* note 3, ¶ 60.28[2] at 397–400 (1979); 11 C. Wright & A. Miller, *supra* note 4, § 2866, at 233. *See also Bershad v. McDonough,* 469 F.2d 1333, 1336 (7th Cir. 1972).

18. Alaska R.Civ.P. 60(b)(5). *See generally* Annot., 14 A.L.R.Fed. 309 (1973).

19. 11 C. Wright & A. Miller, *supra* note 4, § 2863, at 204–07.

20. *id.* at 205.

render an unconditional dismissal without prejudice a judgment with prospective application. A dismissal without prejudice normally has the legal effect of "leav[ing] the parties as if the action had never been brought." [21] The "prospective application" of an unconditional dismissal without prejudice is therefore not substantially different from the fact that all citizens may be named as a party to a legal proceeding. In sum, we conclude that as a general rule clause (5) provides no basis for relief from an unconditional dismissal without prejudice.

■ Dome purports to identify exceptional prospective consequences in the present case. Since the claim was formally filed, Dome submits that the unconditional dismissal without prejudice has a prospective effect on the availability and cost of malpractice insurance as well as on the reserves maintained by insurers of the defendants. In addition, Dome asserts that its ability to obtain relevant evidence is diminished the longer the case is delayed. Dome further adds that such prejudices reflect a "change in circumstances," [22] since at the time the dismissal was entered, all defendants operated under the assumption that a decision regarding the refiling of Barbara Farrell's claim would be made immediately after a new attorney completed a review of the medical evidence. Dome, however, offers absolutely no support in the record to substantiate these alleged prejudices. Here, affidavits were required to verify that such prejudices exist, and to establish that they result from the formal filing of the case, not from the mere knowledge that Farrell may state a claim at some point in the future. We therefore conclude that Dome failed to present sufficient facts to establish a basis for relief under clause (5).

■ We last consider the applicability of clause (6), which permits relief for "any other reason justifying relief from the operation of the judgment." [23] It is well settled that clause (6) and the first five clauses of Rule 60(b) are mutually exclusive.[24] Relief under clause (6) is not available unless the other clauses are inapplicable. Dome's inadvertent failure to attach conditions to the dismissal without prejudice may have been cognizable under clause (1) had its motion for relief been filed in a timely fashion. Alternatively, clause (5) may have been applicable, but Dome failed to substantiate its claim that the unconditional dismissal without prejudice had prospective application. Dome does not point to any facts not considered in our discussion of clauses (1) and (5) which suggest that this case involves "something more than one of the grounds stated in the first five clauses." [25] The mutual exclusivity rule therefore bars relief under clause (6).

■ Dome's Rule 60(b) motion failed to establish any basis to obtain relief from judgment. Accordingly, we conclude that it was an abuse of discretion for the superior court to amend the original judgment. We therefore reverse and remand to the superior court with instructions to vacate the amended judgment and reinstate the original judgment of voluntary dismissal.

REVERSED and REMANDED.

21. *Sherry v. Sherry,* 622 P.2d 960, 964 (Alaska 1981) *quoting In re Piper Aircraft Distribution Sys. Antitrust Litig.,* 551 F.2d 213, 219 (8th Cir. 1977).

22. With respect to the materiality of a demonstration that the alleged prejudice results from a change in circumstances, one commentator notes that "nothing less than a clear showing of grievous wrong evoked by new and unforeseen conditions will suffice to change a final judgment." Annot., 14 A.L.R.Fed. 309, 313 (1973).

23. Alaska R.Civ.P. 60(b)(6).

24. *Stone v. Stone,* 647 P.2d 582, 585–586 (Alaska, 1982); *O'Link v. O'Link,* 632 P.2d 225, 229 (Alaska 1982). *See also Ackerman v. United States,* 340 U.S. 193, 202, 71 S.Ct. 209, 213, 95 L.Ed. 207, 212 (1950); *Klapprott v. United States,* 335 U.S. 601, 613, 69 S.Ct. 384, 389, 93 L.Ed. 266, 276, *modified on rehearing,* 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099 (1949); 7 Moore, *supra* note 3, ¶ 60.27[2], at 353–54.

25. 11 C. Wright & A. Miller, *supra* note 4, § 2864, at 220.