H. C. KLOPFENSTEIN,
Plaintiff-Appellant,

v.

W. P. PARGETER, Defendant-Appellee
(two cases).

Nos. 77–3342, 78–2976.

United States Court of Appeals,
Ninth Circuit.

Feb. 12, 1979.

Rehearing Denied March 15, 1979.

Paul L. Davis, of Edgar Paul Boyko & Assoc., Lawrence W. Erwin (argued), Anchorage, Alaska, for plaintiff-appellant.

James D. Rhodes, Roger H. Beaty (argued), of Cole, Hartig, Rhodes, Norman, & Mahoney, Anchorage, Alaska, for defendant-appellee.

Before WRIGHT, GOODWIN and ANDERSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Appellant Klopfenstein appeals from an adverse summary judgment in this diversity action which arose out of an aborted joint venture agreement. The district court

ruled that the joint venture had been mutually rescinded or abandoned.[1] Appellant contends he raised a material issue of fact regarding his intent to terminate the joint venture. In the consolidated appeal, Klopfenstein contends attorney's fees were improperly awarded.[2] We disagree with both contentions and affirm the district court.

Klopfenstein and defendant-appellee Pargeter orally contracted to jointly seek a fast food franchise in Alaska. They met with representatives of the franchisor, prepared to incorporate a business, and arranged for a bank loan. Then Pargeter wrote to Klopfenstein on October 30, 1969, saying that he had decided to sever their joint efforts because of dissatisfaction between them.

Klopfenstein never replied to this letter, but informed the franchisor and the bank by letter that the joint applications were to be withdrawn and that he would compete with Pargeter for the franchise. Klopfenstein took no action to protest Pargeter's withdrawal from the joint venture or to reconcile his differences with Pargeter. Within six months Pargeter secured the franchise. Again, until this suit was filed in 1972, appellant took no action: he neither objected to Pargeter's withdrawal from the venture nor sought to revive it.[3]

The complaint alleges that appellee's letter of October 30th was a breach of the joint venture agreement and that therefore appellee holds half-interest in the franchise as a constructive trustee for appellant. The relief sought is specific performance and an accounting. *See generally Granik v. Perry*, 418 F.2d 832 (C.A.5 1969).

We agree with the district judge's conclusion that no material issue of fact existed and that appellee was entitled to judgment as a matter of law. Appellant's inaction and his letters to the bank and franchisor show that either he construed the letter as an offer to rescind and accepted it, or he chose to abandon the joint venture when he realized Pargeter was dissatisfied. In either case the termination of the joint venture was supported by consideration because both parties were relieved of their contractual obligations. *See Johnson v. Koyle*, 5 Utah 2d 9, 295 P.2d 834 (1956); J. Calamari and J. Perillo, *Contracts*, § 339 (1970).

Appellant contends his own affidavit, submitted in opposition to appellee's motion for summary judgment, raises a material issue of fact. In the affidavit appellant Klopfenstein avers that he did not intend to rescind or abandon the contract. But the affidavit does not point to any conduct from which Pargeter or anyone else could infer that this was Klopfenstein's intention. Appellant's conduct unequivocally implied that he no longer intended to follow through with the joint venture, but instead

---

1. The district court ruled in the alternative that the action was barred by laches. Appellant also contends that this issue presents a material issue of fact. Inasmuch as we uphold the district court's ruling that the parties terminated the joint venture, we need not review the alternative ground for its decision.

2. The attorney's fees issue reaches us after a complicated procedural background.
 1. Judgment was filed September 23, 1977.
 2. Notice of appeal was filed October 3, 1977.
 3. Extension of time to submit costs was granted by the District Court October 5, 1977.
 4. Memorandum of attorney fees was filed by plaintiff-appellant October 11, 1977.
 5. The District Court declined to assess attorney's fees pending this appeal, by Order filed November 11, 1977.
 6. Plaintiff-appellant moved the Court of Appeals for an order remanding the action to the District Court for assessment of attorney's fees, December 11, 1977.
 7. A motions panel of the Court of Appeals denied the motion for remand, but allowed the District Court to determine attorney's fees in its discretion pending appeal, by Order filed March 22, 1978.
 8. After the parties filed memoranda, the District Court awarded attorney's fees of $10,000.00 to defendant-appellee, August 2, 1978.
 9. Notice of appeal from the attorney's fees award was filed April 14, 1978.
 10. After oral argument in the first appeal, this panel ordered the two appeals consolidated August 24, 1978.
 11. After supplemental briefs were filed, the consolidated appeals were submitted for decision before this panel October 13, 1978.

3. The business lost money initially, but is now successful and expanding.

intended to seek the franchise alone or with a new partner. Undisclosed, subjective intentions are immaterial in this commercial transaction, especially when contradicted by objective conduct. Thus, the affidavit has no legal effect even if its averments are accepted as wholly truthful. *See id.* at § 12.

 Appellant's objections to the award of attorney's fees are equally meritless. In a diversity action the question of attorney's fees is governed by state law. *Schulz v. Lamb*, 591 F.2d 1268 (C.A.9 1978); *Interform Co. v. Mitchell*, 575 F.2d 1270, 1280 (C.A.9 1978). Appellant contends that although Alaska law allows recovery of attorney's fees, none are recoverable in federal court because their recovery is authorized by State rule of court, not by State statute. We disagree. Rule 82(a),[4] which allows for the recovery of reasonable attorney's fees, is supported by legislation which specifies that the Supreme Court shall determine when attorney's fees are to be awarded. Alaska Statutes 09.60.010. Thus, the award of attorney's fees is authorized, though not mandated, by statute. Furthermore, the Supreme Court has indicated that state law regarding attorney's fees governs, whether its source is case law or statutory law. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 259 n. 31, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

Finally, appellant contends that the district court abused its discretion in fixing the amount of fees awarded. We have carefully examined the supplemental record and conclude that appellee's claim for attorney's fees is adequately documented and that the district court used appropriate criteria in fixing the amount. There was no abuse of discretion.

Appellant's other contentions are meritless.

AFFIRMED.

---

4. Rules of Civil Procedure in the State of Alaska.