980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gene MARKLE, Plaintiff-Appellant,
v.
Fawzi Mustafa BEIDAS and Northern Valley Ltd., N.V.,
Defendants-Appellees.
 No. 91-35547.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 19, 1992.*
Decided Dec. 4, 1992.
 
 Before HUG, D.W. NELSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gene Markle ("Markle"), a citizen of Alaska, disputes the district court's finding of diversity jurisdiction under 28 U.S.C. § 1332 in a suit against Fawzi Mustafa Beidas, a citizen of Kuwait, and Northern Valley Ltd., N.V. ("Northern Valley"), an entity incorporated in the Netherlands Antilles. The question certified for interlocutory appeal is whether 28 U.S.C. § 1332(c)(1) applies to a corporation organized under the laws of a foreign nation, making it a citizen for diversity purposes of a state in the United States in which its principal place of business is located.
 
 
 3
 This case is controlled by our recent opinion in Danjaq, S.A. v. Pathe Communications Corp., MGM-Pathe Communications Co., Tracinda Corp., Kirk Kerkorian, and MGM/UA Communications Co., No. 91-55878 (9th Cir. Nov. 12, 1992). In that case, we held that an alien corporation, like a domestic corporation, is a citizen under 28 U.S.C. § 1332 both of its place of incorporation and of the location of its principal place of business. Defendant Northern Valley is therefore a citizen of Alaska, as is plaintiff Markle, and complete diversity between the parties is lacking.
 
 
 4
 Both sides seek attorney's fees for the prevailing party. In a diversity action, the question of attorney's fees is governed by state law. Klopfenstein v. Pargeter, 597 F.2d 150, 152 (9th Cir.1979). Alaska Appellate Rule 508(e) provides in relevant part that "fees may be allowed in an amount to be determined by the court.... If the court determines that an appeal or cross-appeal is frivolous or that it has been brought simply for purposes of delay, actual attorney's fees may be awarded to the appellee or cross-appellee." Because of the novelty of the question of law raised at the time of this appeal, neither party's position can be considered frivolous. The request for attorney's fees for the prevailing party is therefore denied.
 
 
 5
 The district court's denial of Markle's motion to remand to the state court is therefore REVERSED. We REMAND the case to the district court with orders to REMAND the case to the Superior Court for the State of Alaska pursuant to 28 U.S.C. § 1447(c). The parties are to bear their own costs on appeal.
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3