Terry M. STAHLMAN, Appellant,

v.

STATE of Alaska and Anchorage
Daily News, Appellees.

No. S-4453.

Supreme Court of Alaska.

July 30, 1993.

Edgar Paul Boyko, Boyko, Breeze &
Flansburg, Anchorage, for appellant.

Susan D. Cox, Asst. Atty. Gen., and
Charles E. Cole, Atty. Gen., Juneau, for
appellee State.

D. John McKay, Middleton, Timme &
McKay, Anchorage, for appellee Anchor-
age Daily News.

Before RABINOWITZ, C.J., and
MATTHEWS, COMPTON and MOORE, JJ.

*OPINION*

COMPTON, Justice.

Pursuant to Alaska Civil Rule 27, Terry
M. Stahlman sought pre-litigation discovery
from employees of the State of Alaska and
the Anchorage Daily News. Prior to ob-
taining an order for discovery he attempted

to dismiss the petition voluntarily. The superior court entered an order which imposed conditions on the dismissal. Stahlman seeks to have the dismissal modified to remove the conditions. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Terry M. Stahlman filed a petition in the superior court seeking "an Order permitting and directing the taking of depositions before action for the purpose of perpetuating testimony," pursuant to Civil Rule 27(a).[1] The discovery sought by Stahlman related to an action for defamation and other torts Stahlman contemplated filing against Randall Burns, then Director of the Alaska State Division of Occupational Licensing (State), the Anchorage Daily News (Daily News), and other unidentified parties. Burns and the Daily News were served with notice of the petition and the petition in accordance with Civil Rule 27(a)(2).

The Daily News and the State opposed the petition. The Daily News argued, among other contentions, that Stahlman had failed to show that he was presently unable to bring the suit and that there was a present need to perpetuate the testimony. The State made similar arguments.

Stahlman responded, arguing that at present he was constrained by Civil Rule 11[2] from filing the action, and that he was legitimately concerned that "certain state employees" would be reluctant to be deposed without a court order. At the same time, however, Stahlman submitted a pleading entitled "Voluntary Dismissal of Petition, Without Prejudice." The pleading requested that the Civil Rule 27(a) petition be dismissed "without prejudice to his right or privilege to file an appropriate legal action, alleging the substance of the grounds for relief set forth in the original pleadings herein."

The Daily News responded, arguing that Stahlman could not unilaterally dismiss his petition under Civil Rule 41(a)(1).[3] It argued that the petition should be denied on its merits. Alternatively, it argued for dismissal pursuant to Civil Rule 41(a)(2)[4] on the condition that the dismissal be with prejudice to filing the contemplated action, unless Stahlman paid the State's and the Daily News' costs and attorney's fees.

The superior court dismissed Stahlman's petition pursuant to Rule 41(a)(2). Its order imposed the following conditions:

1. Petitioner shall pay to respondents their fees and costs, or a portion thereof reasonably incurred in connection with this matter;[*] and

2. Petitioner shall bring no further civil action relating to the causes of action alleged in his petition to exist, or otherwise relating to matters asserted in

1. Rule 27(a) provides in part:
   A person who desires to perpetuate his own testimony or that of another person regarding any matter that may properly be the subject of an action or proceeding in any court of the state, may file a verified petition in the superior court.

2. Rule 11 provides in part:
   The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless expense in the cost of litigation.

3. Rule 41(a)(1) provides in part:
   [A]n action may be dismissed by the plaintiff without an order of the court: [a] by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.... Unless otherwise stated in the notice of dismissal ..., the dismissal is without prejudice....

4. Rule 41(a)(2) provides in part:
   Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

his petition, unless and until he has fully complied with this order.

---

*Rule 27 petitions do not fall neatly within the parameters of Rule 41(a) dismissals; the court does not believe the reference in subparagraph (1) to cases in which no answer or summary judgment motion has been filed is applicable to Rule 27 petitions. The court has power to relax the requirements of Rule 41(a)(1) in any event, to condition dismissals on payment of fees and costs as justice requires.

The trial court eventually ordered Stahlman to pay the Daily News $6,658.40, which was 80 percent of the calculated reasonable attorney's fees.[5] The trial court noted that the award of attorney's fees was based on "the court's authority to condition dismissal pursuant to Alaska Civil Rule 41, and/or the court's authority to relax the rules as justice requires to so condition dismissal and/or Rule 82." The State was awarded 80 percent[6] of its actual attorney's fees in the amount of $2,070.24.

Stahlman appeals the imposition of the conditions on the dismissal of the petition. Stahlman also appeals the award of attorney's fees.

## II. *DISCUSSION*

### A. STANDARD OF REVIEW

■ The decision to grant a motion for voluntary dismissal by order of the court pursuant to Civil Rule 41(a)(2) is a matter within the sound discretion of the trial court. *Dome Laboratories v. Farrell,* 599 P.2d 152, 155 (Alaska 1979). Conditions, if any, attached to the order of dismissal are also reviewed for an abuse of discretion. *Id.* at 159–60.

### B. DISMISSAL OF PETITION UNDER RULE 41(a)(2)

■ In *Dome Laboratories,* we reviewed three ways in which a plaintiff may obtain voluntary dismissal of an action. Under Rule 41(a)(1)[a], a plaintiff may voluntarily

dismiss an action without a court order at any time before an adverse party has filed an answer, a motion for summary judgment or "any pleading or motion requiring the trial court to consider the merits of the controversy." *Id.* at 155 n. 2. Rule 41(a)(1)[b] allows a plaintiff to file a stipulation of dismissal signed by all parties who have appeared in the action. If the plaintiff can not meet the above criteria, she may obtain dismissal only upon order of the court pursuant to Rule 41(a)(2). *Id.*

■ The superior court construed Stahlman's pleading requesting the dismissal of his petition as a motion to dismiss pursuant to Rule 41(a)(2). The court's ruling implied that the Daily News' and the State's responses to Stahlman's Rule 27 petition precluded a Rule 41(a)(1)[a] dismissal. Since the responses debated the propriety of the petition, they required the court to consider the merits of the controversy. The superior court correctly decided that they terminated Stahlman's absolute right to dismiss his petition voluntarily under Rule 41(a)(1)[a]. Since no stipulation of dismissal was filed, Stahlman's petition could only be dismissed pursuant to Rule 41(a)(2). We therefore affirm the dismissal of Stahlman's petition pursuant to Rule 41(a)(2).

### C. CONDITIONS ON THE DISMISSAL

The superior court conditioned its dismissal on payment of 80 percent of the State's and the Daily News' reasonable attorney's fees. Its order prohibited Stahlman from proceeding with any related civil action until he paid the fees. Dismissals pursuant to Rule 41(a)(2) may be made "upon such terms and conditions as the court deems proper." Based on our review of the record, the superior court did not abuse the broad discretion granted to it under Rule 41(a)(2).

---

5. The trial court subtracted 5 hours from the Daily News' counsel's time because of "excessive verbiage in his briefs." Paralegal costs were also excluded from the award of attorney's fees. The trial court found that "[e]ighty percent is a reasonable recovery of fees in a case in which

the petition appeared to be unfounded under the mandates of Rule 27."

6. The trial court awarded 80 percent of actual fees "in light of the procedurally unfounded nature of the petition in this case."

Stahlman claims the conditions were blatantly unconstitutional as violative of the due process rights, equal protection and "[r]elated [p]rovisions" of the Alaska and United States constitutions. We disagree.

■ A restriction which conditions a party's right to refile a claim on the payment of a monetary award is not unconstitutional. The United States Court of Appeals for the Fifth Circuit, in determining whether a voluntary dismissal was an appealable final judgment on the merits, determined that conditioning refiling on the payment of fees or costs "do[es] not create prejudice in a legal sense to the bringing of another suit." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir.1976). The court explained:

> Rather, the usual conditions attached to a voluntary dismissal involve prejudice only in a practical sense (*e.g.*, paying costs or expenses, producing documents, producing witnesses). The imposition of this type condition does not amount to the type of "legal prejudice" which would entitle a plaintiff to appeal the grant of the dismissal he obtains.

*Id.* Stahlman's injury does not rise to a constitutional level.

■ Stahlman also claims that the payment of 80 percent of reasonable attorney's fees is unjustified in light of opposing counsels' "excessive and unnecessary fulminations." The superior court reduced the amount awarded to the Daily News due to its attorney's "excessive verbiage." Eighty percent of reasonable attorney's fees is not an unreasonable amount on which to condition dismissal. The superior court did not abuse its discretion.

## III. CONCLUSION

Since the responses filed by the Daily News and the State required the superior court to consider the merits of Stahlman's petition, voluntary dismissal under Rule 41(a)(1) was no longer possible. Therefore, the superior court properly dismissed Stahlman's petition pursuant to Rule 41(a)(2). The conditions which the superior court imposed on its dismissal did not amount to an abuse of discretion. We thus AFFIRM the order of dismissal.