**CITY OF FAIRBANKS, a municipal corporation of the State of Alaska, Plaintiff,**

v.

**AMOCO CHEMICAL COMPANY, a corporation, a.k.a. Amoco Chemicals Company, a successor of and formerly known as Amoco Chemicals Corporation, and Amoco Reinforced Plastics Company, a wholly owned subsidiary and alter ego of its parent Amoco Chemical Company; Amoco Reinforced Plastics Company, a corporation, Defendants.**

Civ. A. No. F87–54.

United States District Court, D. Alaska.

Oct. 20, 1993.

Brad S. Kane, Birch, Horton, Bittner & Cherot, Fairbanks, AK, for plaintiff.

Robin R. Barrett, Paul A. Barrett, Call, Barrett & Burbank, Fairbanks, AK, for defendants.

*MEMORANDUM*

NEWCOMER, District Judge.

Before the court is AMOCO Reinforced Plastics Company's (ARPCO) and AMOCO Chemical Company's (AMOCO) Joint Motion For Award of Attorneys' Fees. For reasons that follow, defendants' motion will be granted in part and denied in part.

### I. *Factual Background:*

On September 14, 1987, the City of Fairbanks filed suit against ARPCO seeking $65,000,000 in damages, alleging negligence, strict liability, breach of warranty, unfair trade practices, and fraud arising from the City's purchase of Techtite pipe [1] from defendant ARPCO. On June 27, 1989, the City amended its complaint to include ARPCO's parent company, AMOCO, as a defendant. On April 3, 1992, all of the City's claims except actionable fraud were dismissed. April 3, 1992 Tr. at 50 (No. 902).

The case went to trial on October 5, 1992. On October 8, after plaintiff presented its case, the Court granted ARPCO's Motion For Judgment As A Matter of Law and dismissed the City's lawsuit.

---

**1.** Techtite pipe is a reinforced plastic mortar pipe used in water, sewer, and irrigation systems. Joint Motion For Attorneys' Fees, at 5. The City of Fairbanks uses Techtite pipe in its sewer system. City's Opposition To Award Of attorneys' Fees, Appendix B, at 4.

**2.** Alaska R.Civ.P. 82 states in pertinent part:

    (a) Allowance to Prevailing Party.

### II. *Standard of Review:*

A federal court exercising diversity jurisdiction must apply state law when ruling on a motion for an award of attorneys' fees. *Klopfenstein v. Pargeter,* 597 F.2d 150, 152 (9th Cir.1979). Thus, the allowance of attorneys' fees in this case is controlled by Alaska law. *See also* Alaska Stat. § 9.60.010 (1993); Alaska R.Civ.P. 82.[2] Under Rule 82, the Court may award attorneys' fees to the prevailing party. Alaska R.Civ.P. 82.

Presently before the court is the ARPCO's and AMOCO's motion for award of full attorneys' fees because the City's case was frivolous, devoid of good faith, and vexatious.

### III. *Discussion:*

Under the last sentence of Rule 82(a), attorneys' fees may be awarded "by the court, in its discretion, in a reasonable amount" in a case not involving a monetary judgment. Alaska R.Civ.P. 82(a)(1); *Atlantic Richfield Co. v. State,* 723 P.2d 1249, 1251 (Alaska 1986). As noted by the court in *Klopfenstein,* although reasonable attorneys' fees are authorized by State rule of court but not mandated by State statute, attorneys' fees are nonetheless recoverable in federal court in a diversity case applying Alaska law. *Klopfenstein,* 597 F.2d at 152. A claim for attorney's fees under Rule 82 places a significant amount of discretion in the trial judge. *See* Alaska R.Civ.P. 82(a)(1); *Thorstenson v. ARCO Alaska, Inc.,* 780 P.2d 371, 376 (Alaska 1989) (award of attorneys' fees rests in discretion of trial court).

The purpose of Rule 82 is to compensate a prevailing party partially, not fully, for attorneys' fees. *Demoski v. New,* 737 P.2d 780, 788 (Alaska 1987). However, "[f]ull or substantially full attorneys' fees may be awarded if the trial court finds that the losing party acted in bad faith in asserting a

---

    (1) Unless the court, in its discretion, otherwise directs, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering any money judgment therein:

    . . . .

    **Should no recovery be had, attorney's fees may be fixed by the court's discretion in a reasonable amount.**

Alaska R.Civ.P. 82 (emphasis added).

claim or defense." *Alaska N. Dev. v. Alyeska Pipeline Servs.*, 666 P.2d 33, 42 n. 9 (Alaska 1983), *cert. denied,* 464 U.S. 1041, 104 S.Ct. 706, 79 L.Ed.2d 170 (1984). Attorneys' fees should not be used to penalize a party. *Atlantic Richfield,* 723 P.2d at 1252 (citations omitted). The reasonable amount of attorneys' fees includes an evaluation of the following factors: the nature and value of services rendered; the duration and complexity of the litigation; the novelty of the issues presented for trial; and the amount in controversy. *Id.* 1252 (citations omitted). Absent bad faith or vexatious conduct, an award of full attorneys' fees is manifestly unreasonable and constitutes an abuse of discretion. *Id.; see also Van Dort v. Culliton,* 797 P.2d 642, 644 (Alaska 1990). Partial attorneys' fees, however, may be awarded against a plaintiff who litigated good faith claims. *Stepanov v. Gavrilovich,* 594 P.2d 30, 37 (Alaska 1979).

Some examples of attorneys' fees awards by Alaska courts help guide this Court's decision. The Alaska Supreme Court recently recognized the acceptability of relatively high percentage awards of attorneys' fees in *LeDoux v. Kodiak Island Borough,* 827 P.2d 1121, 1124 (Alaska 1992) (recognizing award of 74% of total fees as consistent with previous trial court awards of 61%, 70%, and 86%). The cases relied on by the *LeDoux* court, however, involved awards of less than $10,-000. In cases involving larger amounts of attorneys' fees, Alaska courts have been more restrained in the award of fees, typically awarding 30%–50% of actual attorneys fees. For example, in *Bozarth v. Atlantic Richfield Oil Co.,* 833 P.2d 2 (Alaska 1992), the court upheld an award of $76,000, equivalent to 50% of actual attorneys' fees, finding that the claimed fees seemed appropriate and reasonable. *Id.* at 4. In *Van Huff v. Sohio,* 835 P.2d 1181 (Alaska 1992), the court held that the trial court did not abuse its discretion in awarding $117,251, or 30% of actual attorneys' fees, where the case was actively pending for over five years by the time trial was concluded and extensive pretrial discovery was required. *Id.* at 1188–89. This Court also notes that proposed amendments to Rule 82 call for a presumptive range of 30%–35% of actual attorneys' fees necessarily incurred to be awarded to a prevailing defendant. The Court realizes that the proposed amendments are neither authoritative nor binding, but nonetheless finds them instructive in defining the landscape of attorneys' fees awards.

■ Evaluating this case in light of the *Atlantic Richfield* factors, the Court notes that over $2.8 million in attorneys' fees have been incurred by defendants. This Court has reviewed the documentation of the fees submitted by the defendants and finds the fees to be appropriate and reasonable. Moreover, plaintiff does not contest the reasonableness of any particular fees claimed. The Court does note, however, that defendants offset the amount claimed for attorneys' fees with the amounts previously awarded as attorneys' fees, but not the larger amounts claimed but not awarded in full. *See* Defendant's Joint Reply To City's Opposition To Attorneys' Fees, at 13–14. The amounts originally claimed should be offset as the defendants are not entitled to a second opportunity to recover those fees already adjudicated. Defendants have previously been awarded attorneys' fees which total $21,050.00. The fee awards, as noted above, were somewhat less than the actual amount of fees claimed, which equaled $39,984.22.[3]

---

3. The figure of $39,984.22 is calculated by first totaling the amount of fees requested by defendants when previous awards have been made. Defendants requested $3,937.50 for compelling production of the City's 1982 and 1983 engineering reports and $29,102.28 for litigating the motion for sanctions against the City for destruction of documents. Defendants were awarded attorneys' fees on two other occasions. On March 8, 1990, Judge Kleinfeld awarded $5,000 in attorneys' fees as an estimate of the defendants' reasonable attorneys' fees as a sanction for the City's violation of a court order. It appears that

Judge Kleinfeld believed the award to equal the actual attorneys' fees incurred by defendants. Finally, defendants were awarded $350 for vexatious conduct by one of the city's attorneys. Judge Kleinfeld declared the award to be "a small fraction of the costs imposed these parties." The actual fees incurred were not made part of the record. The lowest percentage of actual fees awarded defendants in this case, however, is known. Defendants were awarded 18% of their fees for the motion to compel the engineering reports. Taking this percentage to be what Judge Kleinfeld considered "a small frac-

Therefore, at the outset, defendants' requested fees of $2,841,801.98 will be reduced by $39,984.22 to the amount of $2,801,817.76.

The work of the attorneys in this case was commendable, and certainly the total fees incurred by the defendants do not exceed the value of the services performed by defense counsel. Indeed, after granting defendants' motion for directed verdict, this Court stated:

> It's been a most difficult assignment, I'm sure, for both sides. And it's been a long time getting to this trial posture. I can only commend counsel's performance in court. I think it was exemplary and in the highest traditions of your profession.

October 8, 1992 Trial Tr. at 682:22—683:2. The Court further notes that the litigation spanned approximately five years, though much of this time was consumed by pre-trial posturing and sparring between the parties. Much of the time spent litigating this trial can be accounted for by the intransigence of attorneys for both plaintiff and defendants in repeated discovery disputes. While this case may have been a fairly complex one from a factual point of view, the City's claims of negligence, strict liability, breach of warranty, unfair trade practices, and fraud did not present any particularly novel legal issues for trial. The value of the case, taking the damages requested by the City to be a reasonable measure, was large enough to justify significant expenditures in defense of the case. Should the City have prevailed, the defendants could have been saddled with a sixty-five million dollar judgment.

■ Upon a review of the record and the Court's statement following the directed verdict, the Court does not find that the claims or actions of plaintiff City of Fairbanks were frivolous, devoid of good faith, or vexatious despite the fact that the case ended with a directed verdict in the defendants' favor. Accordingly, the Court will not award defendants' full attorneys' fees. *Alaska N. Dev. v. Alyeska Pipeline Servs.*, 666 P.2d 33, 42 n. 9 (Alaska 1983), *cert. denied*, 464 U.S. 1041, 104 S.Ct. 706, 79 L.Ed.2d 170 (1984). The Court finds, however, that based on the length of the proceedings and grant of a directed verdict on a $65 million claim, defendants ARPCO and AMOCO have a valid claim for reasonable attorneys' fees under the last sentence of Alaska R.Civ.P. 82(a)(1).

A review of the Alaska court decisions awarding attorneys fees guides this Court to award attorneys' fees in the range of 30%–50%. *See Bozarth v. Atlantic Richfield Oil Co.*, 833 P.2d 2, 4 (Alaska 1992); *Van Huff v. Sohio*, 835 P.2d 1181, 1188–89 (Alaska 1992). The proposed amendments to Rule 82 suggest a range of 30%–35%. Accordingly, upon evaluation of the *Atlantic Richfield* factors noted above, and considering the large amount of fees requested, this Court believes that an award of 30% of the actual attorneys' fees of $2,801,817.76 is appropriate in this case. This percentage is equal to that awarded in *Van Huff*, 835 P.2d 1181 (Alaska 1992), the case most analogous to the instant case.[4] Therefore, an order directing the City of Fairbanks to pay defendants the sum of $840,545.32 in attorneys' fees will be entered.

An appropriate Order follows.

### ORDER

AND NOW, this 20th day of October, 1993, upon consideration of ARPCO's and AMOCO's Joint Motion For Award of Attorneys' fees, and the responses thereto, it is hereby ORDERED that defendant's motion is GRANTED IN PART. It is FURTHER ORDERED that plaintiff City of Fairbanks pay $840,545.32 in attorneys' fees to defendants within thirty (30) days of the date of this Order.

AND IT IS SO ORDERED.

---

tion" of actual costs, this Court concludes that the $350 award was 18% of actual costs incurred, or $1944.44. These fees total $39,984.22.

4. As explained *supra*, *Van Huff* was a case which lasted for five years, as did the instant case, and which required extensive discovery, as did the case at bar. The Court in *Van Huff* awarded the prevailing party $117,251, or 30% of the requested $390,170.