United States Court of Appeals,

Fifth Circuit.

No. 94-20123

Summary Calendar.

EXXON CORPORATION, Plaintiff-Appellee,

v.

Cliff BURGLIN, Charles Hamel, T.J. Miklautsch, Weldtest, Inc., and CFM Corporation, Defendants-Appellants.

Jan. 23, 1995.

Appeal from the United States District Court for the Southern District of Texas.

Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.

GARWOOD, Circuit Judge:

Defendants-appellants Cliff Burglin, Charles Hamel, T.J. Miklautsch, Weldtest, Inc., and CFM Corporation (Defendants) appeal for a second time an award of attorneys' fees in favor of plaintiff-appellee Exxon Corporation (Exxon). We vacate and remand for entry of judgment in conformity herewith.

## Facts and Proceedings Below

This suit originated in Exxon's purchase of Defendants' interest in a limited partnership, the property of which included two Alaskan oil and gas leases. Defendants brought suit in Alaska, claiming that Exxon, a general partner in the limited partnership, had breached its fiduciary duty under the partnership agreement by failing to disclose information necessary for the valuation of Defendants' interests in the purchased leases.[1] Thereafter, while

_____

[1] Defendants also alleged misrepresentation and fraud.

1

the suit in Alaska was still pending, Exxon sued in Texas state court, seeking a declaration that it had no duty to disclose information it considered confidential. On the basis of diversity of citizenship, Defendants removed the Texas action to the court below, where, after extensive discovery, Exxon was awarded summary judgment and full attorneys' fees incurred amounting to $664,454.29.

On appeal, this Court upheld the grant of summary judgment but reversed and remanded the award of full attorneys' fees, finding error in the district court's choice of Texas law. *Exxon Corp. v. Burglin,* 4 F.3d 1294 (5th Cir.1993). We remanded the action with instructions to apply Alaska, not Texas, fee-shifting rules. The choice of law was critical because, under Alaska Rule of Civil Procedure 82, where a money judgment is not awarded a court generally may award full attorneys' fees only in the case of vexatious or otherwise bad-faith conduct by the losing party. In all other such cases, the goal of Alaska's fee-shifting rules is partial compensation: to shift a portion of the prevailing party's fees onto the unsuccessful litigant. Our remand specifically instructed the district court to apply these principles in calculating a new fee award.

On remand, Exxon filed a supplemental motion to set and recover attorneys' fees. Over Defendants' objection, the district court awarded Exxon $624,631.91, which included fees for Exxon's appeal. This new award represents ninety-four percent of the initial, vacated award and eighty percent of the total amount of

2

fees Exxon incurred before judgment and on appeal. We agree with Defendants that this award is manifestly unreasonable under Alaska law and therefore vacate the judgment of the district court.

## Discussion

Alaska law allows partial recovery of pre-judgment fees incurred by the prevailing party. ALASKA R.CIV.P. 82(b)(2). Before the court can determine what fraction of the fees to shift, the prevailing party must establish the total amount actually and necessarily incurred. *Id.* The district court in this case set the amount incurred before the first appeal at $664,454.29. On remand, the court added to this amount the $116,335.60 Exxon expended on appeal, bringing the aggregate to $780,789.89. From this total figure, the district court calculated a new award of $624,631.91. Before determining whether the new award was excessive, we consider Defendants' contentions with respect to the aggregate.

I. The Aggregate

A. Appellate Fees

Defendants argue that the district court erred in including amounts attributable to appellate work in the aggregate. We agree. In the last appeal, we held that "[t]he award of attorneys' fees is governed by the law of the state whose substantive law is applied to the underlying claims" and cited Rule 82 of the Alaska Rules of Civil Procedure. *Exxon Corp. v. Burglin,* 4 F.3d 1294, 1302 (5th Cir.1993). Construing our instructions to include the recovery of appellate fees, the district court relied on section 508 of the Alaska Rules of Appellate Procedure. Under this rule, an appellate

3

court may allow a party prevailing on appeal to recover partial attorneys' fees and costs incurred on appeal or, in the case of a frivolous suit, full fees.

The critical issue here is whether Alaska Rule 508 or Federal Rule of Appellate Procedure 38 applies to the award of appellate fees. Federal courts apply state substantive law "when adjudicating diversity-jurisdiction claims, but in doing so apply federal procedural law to the proceedings." *Cates v. Sears, Roebuck & Co.,* 928 F.2d 679, 687 (5th Cir.1991); *see Hanna v. Plummer,* 380 U.S. 460, 465-67, 85 S.Ct. 1136, 1141, 14 L.Ed.2d 8 (1965); *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Where the state rule reflects a substantive state policy not in conflict with the plain meaning of the federal rule, then the state rule is the rule of decision and should be applied under the terms of the *Erie* doctrine.[2] *See Alyeska Pipeline Co. v. Wilderness Soc'y,* 421 U.S. 240, 260 n. 31, 95 S.Ct. 1612, 1622 n. 31, 44 L.Ed.2d 141 (1975); *see also Powell v. Old Southern Life Ins. Co.,* 780 F.2d 1265, 1267 (5th Cir.1986) ("[F]ederal courts in diversity ... follow[ ] state statutes allowing attorney's fees unless the state practice directly conflicts with a ... rule of court."); *see also* 6 Jeremy C. Moore, MOORE'S FEDERAL PRACTICE ¶ 54.78 (2d ed. 1994) (observing that state

---

[2]It is on this basis that Alaska Rule 82, dealing with pre-judgment attorneys' fees tied to the merits of the litigation, applies in diversity actions in federal court. Rule 82 is a substantive rule not in conflict with federal law. *See Powell v. Old Southern Life Ins. Co.,* 780 F.2d 1265, 1267 (5th Cir.1986) (noting that state fee-shifting rules apply when not in conflict with a federal "rule of court").

4

law of attorneys' fees applies "unless ... application of the state law would infringe upon some statute, rule, or important federal policy").  Where, on the other hand, a federal procedural rule is "clearly applicable," then it applies unless unconstitutional or outside the scope of the Rules Enabling Act.  *Walker v. Armco Steel Corp.,* 446 U.S. 740, 747-49, 100 S.Ct. 1978, 1984, 64 L.Ed.2d 659 (1980).  As one treatise has remarked, "If the [federal] Rule speaks to the point in dispute and is valid, it is controlling, and no regard need be paid to contrary state provisions."  19 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 4508 (1982).

By allowing even minimal recovery of attorneys' fees in *every* civil appeal, Alaska Rule 508 directly collides with FED.R.APP.P. 38, which allows the recovery of attorneys' fees only in the case of a frivolous appeal.[3]  The federal rule therefore applies unless it is unconstitutional or outside the scope of the Rules Enabling Act.  The burden of establishing the invalidity of a federal rule is heavy because all federal rules of court enjoy presumptive validity.  *Id.*  Indeed, to date the Supreme Court "has never squarely held a provision of the civil rules to be invalid on its

---

[3]Moreover, both the federal and state rules are designed to penalize frivolous appeals and "to compensate the injured appellee for the delay and added expense of defending the ... [lower] court's judgment."  *Burlington Northern Railroad Co. v. Woods,* 480 U.S. 1, 7, 107 S.Ct. 967, 970, 94 L.Ed.2d 1 (1987). Accordingly, because the "purposes underlying the Rule [38] are sufficiently coextensive with the asserted purposes of the ... [state rule]," Rule 38 can be said to occupy the "field of operation so as to preclude ... application [of the state rule] in federal diversity suits."  *Id.* at 7, 107 S.Ct. at 970.

face or as applied." Paul M. Bator, HART AND WECHSLER'S THE FEDERAL COURTS AND THE FEDERAL SYSTEM 769 (1988). Moreover, because the Supreme Court and this Circuit have already specifically held that Rule 38 conforms to Articles I and III of the Constitution, we need only consider its as-applied legitimacy under federal statutory law. *Burlington Northern Railroad Co. v. Woods,* 480 U.S. 1, 5-8, 107 S.Ct. 967, 970-71, 94 L.Ed.2d 1 (1987); *Affholder, Inc. v. Southern Rock, Inc.,* 746 F.2d 305, 310-11 (5th Cir.1984).

The Rules Enabling Act confers upon the Supreme Court rulemaking authority over general matters of practice and procedure in the federal courts. The Act mandates, however, that these federal procedural rules "shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072. Evidently, the district court assumed that Alaska Rule 508 creates or reflects some significant substantive right similar to that found in Alaska Rule 82. We disagree. FED.R.APP.P. 38 does not invade the realm of state substantive law protected by the Rules Enabling Act. Even if Alaska Rule 508 is not wholly procedural, it is certainly more procedural than substantive.[4] *See Hanna,* 380 U.S. at 470-72, 85 S.Ct. at 1144. In so concluding, we observe that Alaska Rule 508 is clearly distinguishable from Alaska Rule 82, which represents a

---

[4]A procedural rule may marginally affect state substantive policies without running afoul of the Rules Enabling Act. Otherwise, virtually every rule of federal procedure would be rendered invalid. According to the Supreme Court, federal rules "which incidentally affect litigants' substantive rights do not violate ... [the Rules Enabling Act] if reasonably necessary to maintain the integrity of that system of rules." *Burlington,* 480 U.S. at 5, 107 S.Ct. at 970 (discussing FED.R.APP.P. 38).

substantive state right to attorneys' fees.  Unlike Rule 508, Rule 82 wholly keys the award of fees to success on the merits.  That is, it is available only to the "prevailing party," which Alaska law defines as the party which wins the central issue in dispute. *Foss Alaska Line, Inc. v. Northland Services, Inc.,* 724 P.2d 523, 526 (Alaska 1986).  An award under Alaska Rule 82 thus is based on the success or defeat of the *underlying* legal claim.  *See Affholder,* 746 F.2d at 310.  Conversely, an award of appellate fees under Alaska Rule 508 may have nothing to do with the merits of the underlying suit or with any rights that predate the suit's filing.[5]  Such an award, in short, does not necessarily depend on which party ultimately prevails.[6]

Thus, unlike Alaska Rule 82, which links recovery to the merits and reflects a substantive state policy in favor of compensating litigants somehow successful on the underlying cause of action, the Alaska appellate rule essentially "affects only the

---

[5]The rule is broadly worded:  "Attorney's fees may be allowed in an amount to be determined by the court."  ALASKA R.APP.P. 508(e).  This provision contrasts significantly with the fee-shifting schedule found in Alaska Rule 82.  Rule 82 fixes an award either as a percentage of the total money judgment or, in the case of no money judgment, as a percentage of the actual attorneys' fees.  Any deviation by the trial court from these fixed awards requires reasonable justification.  *See* ALASKA R.CIV.P. 82(b) (1994) (amended).

[6]For instance, if a prevailing party won a motion for summary judgment that was reversed on appeal, the successful appellant could recover appellate fees under Rule 508 regardless of his success or failure at the trial on remand.  Where, on the other hand, a party prevails on the merits and therefore recovers attorneys' fees under Rule 82, a reversal on the merits voids the award.  *See, e.g., Demoski v. New,* 737 P.2d 780, 787 (Alaska 1987).

process of enforcing litigants' rights and not the rights themselves." *Burlington,* 480 U.S. at 8, 107 S.Ct. at 971 (1987); *see also Chambers v. NASCO, Inc.,* 501 U.S. 32, 50-52, 111 S.Ct. 2123, 2136, 115 L.Ed.2d 27 (1991) (giving as an example of a state substantive law "fee-shifting rules that embody a substantive policy, such as a statute which permits a prevailing party in certain classes of litigation to recover fees").[7]  This difference tracks the blurry line between substance and procedure in *Erie*[8] and the Rules Enabling Act and critically distinguishes Rule 508 from Rule 82 and from other fee-shifting procedures that hinge an award on success in the underlying lawsuit.  *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, Inc.,* 848 F.2d 613, 623 (5th Cir.1988); *see also Chambers,* 501 U.S. at 58-59, 111 S.Ct. at 2140 (Scalia, J. dissenting) (observing that the only form of fee-shifting that is substantive is that which shifts fees "as part of the merits

---

[7]Moreover, unlike Rule 82, the Alaska Supreme Court typically applies the appellate rule to allow only very low-level awards between $500 and $1000, fees that more approximately resemble cost awards.

[8]The Supreme Court has made clear that *Erie* does not apply when a state law conflicts with a federal rule of procedure. *Hanna,* 380 U.S. at 469-70, 85 S.Ct. at 1143.  *Erie* 's distinction between substance and procedure applies only when there is no contrary federal practice.  Thus, "what is "substantive' for *Erie* purposes, and what is "substantive' for purposes of the Rules Enabling Act are not necessarily the same." *Affholder,* 746 F.2d at 310;  *see also Hanna,* 380 U.S. at 471-72, 85 S.Ct. at 1144. Because of the reluctance of the federal courts to overturn or restrict duly promulgated federal rules and because we assume that, prior to promulgation, "any possible intrusions upon substantive rights ... have been thoroughly considered," *Affholder,* 746 F.2d at 310 n. 25, a finding that a state policy is substantive for purposes of the Rules Enabling Act is made in a narrower set of circumstances than it is for purposes of *Erie.*

award").  *Cf. Powell,* 780 F.2d at 1268 (allowing recovery of attorneys' fees on appeal where state insurance law makes the party prevailing on the merits entitled to them).[9]

In sum, because the issue of attorneys' fees on appeal under Alaska law is one of procedure, we hold that, in this case, FED.R.APP.P. 38 does not violate the limitations of the Rules Enabling Act and that therefore Alaska Rule 508 has no application for federal courts sitting in diversity.[10]  *Accord Dennis S. Josephson, Inc. v. Alaska Int'l Constr., Inc.,* 1989 WL 124096 (9th Cir.1989) (holding that Alaska Rule 508's conflict with FED.R.APP.P. 38 makes the state rule inapplicable) (unpublished opinion).

The controlling rule is thus the federal rule.  Under Rule 38, attorneys' fees are recoverable, in this Court's discretion, only in the case of frivolous or otherwise bad-faith conduct by the losing party.  *Affholder,* 746 F.2d at 308-309 (fees available only

---

[9]Were we to conclude that Rule 508 is substantive, we would nevertheless have to reverse for abuse of discretion.  The partial awards routinely allowed by the Alaska Supreme Court for appellate work are apparently not fixed on the basis of a percentage of the actual fees.  Instead, they are flat, small awards.  A review of 508(e) awards by the Alaska Supreme Court in cases cited by Exxon show recovery repeatedly in amounts of $500, $750, and $1,000—far from the $93,068.48 awarded here.  Moreover, when both parties are partially successful, the Alaska Supreme Court has expressed reluctance to award any appellate fees at all.  *Continental Ins. Co. v. United States Fidelity & Guaranty Co.,* 552 P.2d 1122, 127 & n. 14 (Alaska 1976).

[10]Moreover, although we have held that Alaska Rule 82 does apply in a diversity context, that rule cuts off the recovery of attorneys' fees at the moment of final judgment. *Torrey v. Hamilton,* 872 P.2d 186, 187 (Alaska 1994).  The district court therefore could not have relied on the substantive state right embodied in Rule 82 to allow the recovery of fees incurred on appeal.

if the appellate court finds "the appeal to be utterly without merit, the appellant's arguments totally unsound, the judges' time and energies wasted, and the appellee put to the inconvenience and expense of employing counsel to resist such a frivolous appeal") (citation omitted). The rule is not intended otherwise to deter litigants from filing appeals. In this case, Defendants were not frivolous in taking their prior appeal to this Court; indeed, they were partially successful. *See Exxon v. Burglin,* 4 F.3d 1294 (5th Cir.1993). The district court erred by including $116,335.60 appellate fees in the aggregate figure and, consequently, in its award of $93,068.48 in appellate fees.

B. Other Contentions

Defendants also assert error in the district court's refusal to require more detailed documentation from Exxon. Defendants claim that Exxon's affidavits on attorneys' fees fail to link specifically and in detail the hours expended to the work performed, as opposed to simply who performed it. Instead, Exxon has reported generally the nature of the work and specifically the number of hours expended—without making any direct link between the two items. Furthermore, Defendants contend that Exxon failed to specify whether and to what degree in-house counsels' fees related to their posture as litigators for Exxon as opposed to their posture as clients to outside counsel. The district court ruled these objections waived because they had not been urged before the first appeal. According to Defendants, they could not have lodged objections based on Alaska law any earlier because, before the

prior appeal, attorneys' fees were calculated under Texas law.

We believe the district court did not abuse its discretion in refusing to entertain these objections. Both Texas and Alaska law require an initial calculation of the actual amount of fees expended and subject the total to a test of reasonableness. Had Defendants wished to contest details of Exxon's affidavits, they could have done so when the aggregate figure was calculated before the first appeal. Instead, Defendants chose only to challenge the district court's choice of law and not the averments in the affidavits, which are, in any event, sufficiently detailed to inform Defendants what work was done, by whom, and how many hours were expended. For these reasons, we will not consider the merits of these two contentions.

Having subtracted the appellate fees, we believe the total figure ($664,454.29) arrived at by the district court to be otherwise correct and reasonable. We now turn from this total figure to the actual award.

II. The Award

Alaska Rule 82 governs the award of attorneys' fees up to the time of judgment. During the pendency of the last appeal in this case, the Alaska Supreme Court amended Rule 82 to remedy inequities in its application. Consistent in both the old and new versions of the rule is the principle of partial compensation in instances where no money judgment is recovered. Alaska is the only state to have rejected outright the American Rule, under which parties generally bear the cost of their own attorneys' fees. Kevin

Michael Kordziel, *Rule 82 Revisited:  Attorney Fee Shifting in Alaska,* 10 ALASKA L.REV. 429, 430 (1993).  In lieu of the American Rule, Alaska has adopted a rather complicated fee-shifting scheme, one that mediates between the extremes of full recovery and no recovery at all.  According to the Alaska Supreme Court, "The purpose of Civil Rule 82 is to partially compensate a prevailing party for the costs and fees incurred ... and not to penalize a party for litigating a claim in good faith." *Malvo v. J.C. Penney Co.,* 512 P.2d 575, 588 (Alaska 1973).  Absent bad faith, an award of full fees is by itself considered "manifestly unreasonable, and it constitutes an abuse of discretion." *Atlantic Richfield Company v. Alaska,* 723 P.2d 1249, 1252 (Alaska 1986).  We specifically cited this language of *Atlantic Richfield Company* (as well as its "partial compensation" language) in our prior opinion. *Exxon Corp.* at 1302.  That actual fees will on occasion be many times more than the award is, in the words of the Alaska Supreme Court, "irrelevant." *State v. Abbott,* 498 P.2d 712, 731 (Alaska 1972).

Both the new and old versions of the rule distinguish initially between suits that result in money judgments and those that do not.  Where the prevailing party recovers a money judgment, compensation for attorneys' fees represents a fraction of the actual judgment, not to exceed twenty percent of the first $25,000 (and 10% on the balance) in case of trial, unless the trial court reasonably concludes otherwise.  Where the prevailing party recovers no money judgment, the category relevant here, compensation for attorneys' fees represents a portion of the total

fees actually and necessarily incurred. It is with respect to this category that the stated methodology of the new and old rules diverges. Under the old rule, attorneys' fees were to be "fixed by the court in its discretion in a reasonable amount." ALASKA R.CIV.P. 82(a)(1) (1987) (former version). The new rule, in contrast, fixes such awards at twenty percent of the prevailing party's total attorneys' fees in the case.[11] The rule, however, allows variation of the award upon the trial court's consideration of specified factors. These factors "generally address the unique aspects of the litigation at issue, the reasonableness of the parties' behavior, and the considerations of vexatiousness, bad faith, or other improper motive"—factors employed, though unspecified, under the former version of Rule 82. Kordziel, *supra,* at 450.

The initial award, incorrectly made under Texas law, was made before the amendment of Rule 82. During the first appeal to this Court, the rule was amended to its present form. On remand, Exxon filed a new motion for attorneys' fees, arguing that the old rule should still apply. The district court, though adverting to the issue, did not explicitly decide it. Noting that differences between the two versions were minimal because both grant discretion, the district court simply applied the new rule to the controversy. On appeal, Exxon has effectively abandoned any

---

[11]The new rule subcategorizes awards for non-money judgments according to the presence or absence of a trial. In non-money judgment cases that went to trial, the award is to be thirty percent of actual fees. In non-money judgment cases that did not go to trial, the situation here, the award is set at twenty percent.

argument that the old rule applies, merely noting that the amendment occurred after the initial award.  *See L & A Contracting v. Southern Concrete Services,* 17 F.3d 106, 113 (5th Cir.1994) (ruling an argument abandoned because insufficiently briefed).  We will therefore apply the new rule to this case, mindful of our reluctance, in any event, to interpret the broad language of the old rule in such a way as to counter the clear purpose of the revision:  to reign in large awards of attorneys' fees.  *See City of Fairbanks v. Amoco Chemical Company,* 836 F.Supp. 690, 692 (D.Alaska 1993) (finding the nonbinding amendments "instructive").

Under the new rule, the appropriate award of attorneys' fees is twenty percent of the total fees, or $132,890.86.  ALASKA R.CIV.P. 82(b)(2).  The district court made an upward deviation, awarding eighty percent of the fees, or $531,563.43.[12]  ALASKA R.CIV.P. 82(b)(3).  The district court thus awarded four times the scheduled amount, a difference of $398,672.57.  Variation on the set award is contemplated by the rule and will not be disturbed absent an abuse of discretion, that is, unless the court's decision was "manifestly unreasonable."  *Atlantic Richfield,* 723 P.2d at 1252.

At least where the actual fees exceeded $10,000, we can find no Alaska cases permitting an award of the percentage magnitude allowed here.  Before the amendment of Rule 82, awards in high-fee cases were typically between thirty and fifty percent.  *See City of*

---

[12]The actual award was $624,631.91, but that figure included $116,335.60 in appellate fees.  Because we find error in the inclusion of appellate fees, we have subtracted that amount from the aggregate and, from that adjusted figure, taken eighty percent.

14

*Fairbanks,* 836 F.Supp. at 692 (surveying cases). Indeed, it was an award of $76,000, fifty percent of the total fees, that occasioned the Alaska Supreme Court's decision to consider amending Rule 82. *See Bozarth v. Atlantic Richfield Oil Co.,* 833 P.2d 2, 4 & n. 3 (Alaska 1992) (finding the award "high" and "disturbing" but nevertheless within the discretion of the trial court).

In justifying its award, the district court relied on the Alaska Supreme Court's decision in *Stahlman v. State,* 856 P.2d 1162 (Alaska 1993). Although it is true that the court in that case allowed an award of 80% of fees, the actual quantum was only $6,658.40. In former Rule 82 cases, the supreme court has been much more willing to tolerate a high percentage when, unlike here, the award itself is very low. *See Weidner v. Dept. of Transp. & Public Facilities,* 860 P.2d 1205, 1212-13 (Alaska 1993) (allowing an award of 65% of $16,720.97); *Hausam v. Wodrich,* 574 P.2d 805, 811 (Alaska 1978) (allowing an award of 86% of $11,257). More importantly, in upholding an award of eighty percent, the court in *Stahlman* noted that the trial court had found that the plaintiffs had filed an "unfounded" petition. *Id.* at 1164 nn. 5 & 6. There is no serious allegation of bad faith or vexatious conduct on the part of the Defendants here. Only in such cases is the court authorized to award full, or virtually full, fees. Thus, even if we were to set aside the effect of the amendments to Rule 82,[13] the

---

[13]*Stahlman* cannot be said to interpret the new amendments to Rule 82. The case was actually decided not under Rule 82, but under Rule 41(a)(2), which allows a court to condition dismissal on the payment of a monetary award. *See Stahlman,* 856 P.2d at 1164-65.

award in *Stahlman* cannot be used to justify an award of eighty percent against individual defendants litigating in good faith. *See also Crook v. Mortenson-Neal,* 727 P.2d 297, 306 (Alaska 1986) (allowing an eighty percent recovery ($15,337.60) where the conduct of the losing party "bordered on bad faith").

Besides its reliance on *Stahlman,* the district court gave several rule-based reasons for increasing the award of fees 400% over the scheduled amount. The district court focused on several factors found in the Rule 82 laundry list, namely, the complexity of the litigation and the reasonableness of Exxon's fees (and Exxon's attempts to minimize them) relative to the amounts at stake in the litigation.[14] These factors do not support an award so far removed from the twenty-percent norm of Rule 82(b)(2), particularly given the high absolute amount of the fee award. We conclude that the fee award constituted an abuse of discretion.

Although, as of the time of this writing, there are no cases applying the revised version of Rule 82, two pre-amendment cases inform our conclusion. Because both involved high but reasonable fees and complex but good-faith litigation, they are the most analogous to this case. In *Van Huff v. Sohio Alaska Petroleum Company,* 835 P.2d 1181 (Alaska 1992), the trial court had awarded

---

[14]Defendants contend the district court erred in not considering all the factors listed in Rule 82(b)(3). This argument is meritless. Nothing in the rule commands strict application of all the factors; the very purpose of 82(b)(3) is to provide a means of flexibly and equitably assessing the reasonableness of a fee award. We therefore cannot say the district court erred in addressing only some, and not all, of the factors listed.

16

the party who prevailed at trial $117,251.50 in attorneys' fees, which represented thirty percent of the total. The supreme court affirmed the award. Likewise, in *City of Fairbanks v. Amoco Chemical Company,* 836 F.Supp. 690 (D.Alaska 1993), the Alaska district court awarded thirty percent of the defendants' attorneys' fees, which exceeded $2.5 million. The district court based its award on the complexity of the litigation and the reasonableness of the fees, both absolutely and relative to the sixty-five million dollars at stake. Moreover, the court took notice of the then-proposed amendments to Rule 82, which set the award for non-money judgments after a trial at thirty percent—the award actually given in that case. Both of these cases thus fit precisely within the norm of revised Rule 82, a norm ten percent higher than that here.

Although these two pre-amendment awards conformed to the standard of revised Rule 82, we do not conclude that the district court abused its discretion merely because the award exceeded the twenty percent mark applicable here. We simply conclude that an award *four times* that norm is well outside the scope of the district court's discretion. We accordingly vacate the award. Because no interests would be served by yet another remand and still more litigation over this issue, we prefer to end the controversy here. We therefore award Exxon $200,000, an amount barely in excess of 30% of its prejudgment fees.[15] We believe this

---

[15]Thirty percent of the pre-judgment fees would be $199,336.29.

17

figure represents a partial compensation more in line with the purposes of Rule 82 and with those pre-amendment cases most analogous to this one.[16]

## Conclusion

We vacate the district court's award of attorneys' fees and remand for the limited purpose of entering an award for Exxon in the amount of $200,000, together with interest thereon at the judgment rate from July 27, 1992, the date of the original award of fees.

VACATED and REMANDED.

---

[16]As a final argument, Defendants contend that the award of attorneys' fees in this case unduly hinders their constitutional right to access the courts. No majority of the Alaskan Supreme Court has ever endorsed this principle beyond a mere abstraction. In any event, several factors counsel against full consideration of this argument. First, our reduction in the award ameliorates the problem. Second, Defendants have failed to establish impecunity. And third, Defendants have abandoned the argument by failing to brief the issue adequately. *L & A Contracting v. Southern Concrete Services,* 17 F.3d 106, 113 (5th Cir.1994).