IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50453
Summary Calendar

_____


ALEX L. ANDERSON,

                                        Plaintiff-Appellant,

            V.

CHARLES ROSSOTTI,
commissioner of the Internal Revenue Service,

                                        Defendant-Appellee.


--------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
U.S.D.C. No. SA-00-CA-1216
November 7, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[1]

        Appellant, Alex L. Anderson ("Anderson") appeals from the dismissal of this action.

        This action is one of a series of lawsuits[2] filed by Anderson against the Internal Revenue

_____

        [1]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

        [2]See Anderson v. United States, Case No. SA-84-CA-981 (W.D. Tex. 1984) (finding that Anderson had filed a frivolous tax return), *affirmed,* 754 F.2d 1270 (5th Cir. 1985) (awarding double coss and attorneys fees to the United States pursuant to Fed. R. App. P. 38); Anderson v. United States, Case No. SA-87-CA-424 (W.D. Tex. 1989) (ordering sanctions of $5,000 for filing of frivolous suit and enjoining the filing of new actions pending payment of the sanction); Anderson v. United States, Case No. SA-89-CA-565 (ordering sanctions of $5,000 for filing of frivolous suit and enjoining the filing of new actions pending the payment of the sanction); see

Service. As in those past actions, Anderson contends that he is exempt from the Federal Income Tax.[3] Whether Anderson is correct, however, is irrelevant to this appeal. The district court did not reach Anderson's legal position on the exemption issue—the dismissal was premised solely on Anderson's failure to meaningfully respond to the assigned magistrate judge's order to show cause. In that order the magistrate judge gave Anderson an opportunity to explain why the action should not be dismissed for Anderson's failure to comply with earlier orders requiring payment of sanctions as a prerequisite to the filing of new suits.

Nevertheless, as he did in response to the order to show cause, on appeal Anderson merely parrots his assertion that he is exempt from the Federal Income Tax. Anderson does not identify an error in the district court's order of dismissal. Nor does Anderson contend that he complied with the earlier orders. It is clear that the district court had authority to enforce the previous sanctions orders and dismiss this action for non-compliance, and we will uphold the involuntary dismissal of a lawsuit absent an abuse of discretion. See United Markets Int'l, Inc. v. Legg, 24 F.3d 650, 654 (5th Cir. 1994) (noting that dismissal is normally appropriate only upon a finding that the litigant had acted in bad faith or wilfully abused the judicial process). Here, Anderson was given an opportunity to respond to the order to show cause and explain why he had not complied with earlier orders—he did not do so. Accordingly, the district court did not abuse its discretion in impliedly finding that Anderson had wilfully abused the judicial process.

Appellee has moved for sanctions pursuant to Fed. R. App. P. 38, which provides: "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or

---

also Anderson v. Fishbach and Moore, Inc., No. SA-95-CA-288 (W.D. Tex. 1995).

[3]In this action Anderson sought a full refund of the income taxes withheld from his paycheck for the 1996 tax year and a refund of the penalty imposed by the Internal Revenue Service in response to his claim that he was exempt in his 1996 tax filing.

notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." "[A]n appeal is frivolous if it relies on legal points that are not arguable on their merits." C & H Nationwide, Inc. v. Norwest Bank Texas NA, 208 F.3d 490, 498 (5th Cir. 2000); see also Exxon Corp. v. Burglin, 42 F.3d 948, 952 (5th Cir. 1995) (noting that Fed. R. App. P. 38 allows the recovery of attorney's fees as a sanction for the bringing of a frivolous appeal). Anderson's appeal is clearly frivolous as he completely fails to address the rationale underlying the order from which he appeals. Accordingly, we order Anderson to pay to the appellee costs in the amount of $4,000, which is represented to be less than the average expense incurred by the Tax Division of the Department of Justice in the defense of frivolous taxpayer appeals. See e.g. Stelly v. Commissioner of Internal Revenue, 804 F.2d 868, 871 (5th Cir. 1986); Stubbs v. Commissioner of Internal Revenue, 797 F.2d 936, 939 (11th Cir. 1986). In addition, the Clerk of the Court should not accept any new filings by Anderson for any tax-related appeals until the judgement we enter today is paid and proof of satisfaction of this, and all prior judgments, is provided.[4]

Affirmed, sanctions ORDERED.

---

[4]Appellant's motions to strike Appellee's motion for sanctions and to quash Appellee's Defense are denied.